GEORGE P. STEARNS *vs.* QUINCY MUTUAL FIRE INSURANCE COMPANY.

Worcester. Oct. 4, 1877. — Feb. 5, 1878. ENDICOTT & LORD, JJ., absent.

A mortgagor of land covenanted to keep the building, standing on the land, insured against fire, for a certain sum, for the benefit of the mortgagee, at such office as the latter should approve. More than a year after the mortgage was executed, the mortgagor, without the mortgagee's knowledge or approval, procured a policy in his own name for a less sum, a portion only of which was on the building, the rest being on the mortgagor's personal property. The mortgagor kept the policy until after a loss and never delivered it to the mortgagee, who, after the loss, gave notice of his claim to the insurance company; but the latter, which had no knowledge of the terms of the mortgage, paid the amount of the loss to the mortgagor. The mortgagee subsequently brought an action at law, on the policy, in the name of the mortgagor. *Held*, that the mortgagee had no equitable lien upon the policy, which he could thus enforce.

COLT, J. This is an action of contract to recover upon a policy of fire insurance on the plaintiff's dwelling-house and furniture. It is brought in the name of the plaintiff by one Andrews, who claims to have an equitable lien upon the money due on the policy, to the extent of his interest as mortgagee of the real estate. This claim on the part of Andrews is founded on a clause in the condition of the mortgage from Stearns, the plaintiff, to him, which declares that if the mortgagor shall, until payment of the debt secured, keep the building, standing on the land, insured against fire for the benefit of the mortgagee, at such offices as he shall approve, and perform the other conditions named, then the deed shall be void. At the time the policy was

issued, the insurance company had no knowledge of the terms of the mortgage, although in the month of June before, they did know that Andrews had a mortgage on the property. The policy, when taken out, was kept by Stearns until after the fire, and was never delivered to Andrews; nor was there any agreement between them in reference to insurance, or an assignment either of the policy or of the claim against the company for the loss, either before or after the fire, except that which is implied in the condition of the mortgage. It does not appear that Andrews approved of the insurance in this company, or had any knowledge of it until after the loss.

After the fire, Andrews gave notice of his claim to the company, but it paid the amount of the loss to Stearns, before this action was brought. This payment is contended by Andrews to have been wrongfully made; and the question is, whether Andrews, suing in the name of the plaintiff, can also recover the same to his own use and benefit.

The plaintiff relies on the rule, that, where a promise is made by one person to procure insurance upon property, in which another has some interest, for the benefit of the latter, and then the promisor, with the intention of performing his promise, obtains a policy of insurance in his own name, the party intended to be benefited will have an equitable lien on the policy and its proceeds, which he may enforce against the insurer or the promisor, or may maintain against the creditors of the latter. This rule, and the lien thus created, it is said, will be regarded and enforced both at law and in equity.

In *Providence County Bank* v. *Benson*, 24 Pick. 204, a party expressly agreed to obtain insurance, for the benefit of the owner, on a quantity of wool at his mill, then in process of manufacture; he accordingly obtained such insurance in his own name, but, as the case found, with the sole purpose and intention of performing his agreement; and, before the loss, he informed the owner of the wool that he had effected the insurance as agreed. It was decided that the owner had an equitable interest in the policy, which was equivalent to that of an assignee of a chose in action, and was sufficient to enable him to hold the avails against an attaching creditor of the party in whose name the policy was issued. The fact that in the transaction there

was an intention to comply with the agreement in effecting the insurance, and the fact that the owner was informed of it before the loss, are recognized in the opinion by Mr. Justice Dewey, as important elements in the decision of the case.

In *Hazard* v. *Draper*, 7 Allen, 267, such a lien was enforced by bill in equity in a case where, after the loss, the policy was delivered to a third person in trust to collect the insurance money and pay the mortgage debt out of it.

In *Nichols* v. *Baxter*, 5 R. I. 491, cited by the plaintiff, which was a bill in equity to enforce such an equitable lien, the policy of insurance was in existence at the time the mortgage was made, and conformed in amount to the required insurance. The bill was sustained, but the court found, as a fact, that it was the intention of the parties that this particular policy should be assigned to the mortgagee in performance of the agreement to insure. And in *Cromwell* v. *Brooklyn Ins. Co.* 44 N. Y. 42, it was said that it must be inferred from the facts in the case, in the absence of anything to the contrary, that the insurance then in question was made in pursuance of the previous agreement to insure.

In all the cases found, which support the claim of the mortgagee to insurance obtained by the mortgagor in his own name, the facts were such as to justify the conclusion, by estoppel or otherwise, that such insurance was obtained by the latter as the agent of, or with intent to perform the obligation he had assumed to, the former.

It is said that an executory agreement alone will not amount to an equitable assignment of a chose in action, or of property, not then in existence ; some agreement or delivery, after it comes into existence, must be shown. *Moody* v. *Wright*, 13 Met. 17, 32. *Palmer* v. *Merrill*, 6 Cush. 282. A mere promise to pay a debt out of a particular fund is not an assignment, even in equity. There must be an actual or constructive appropriation of the subject matter in favor of the party to be benefited *Christmas* v. *Russell*, 14 Wall. 69. And in *Mornington* v. *Keane*, 2 De G. & J. 292, 318, which was a bill in equity to enforce a charge on real estate, created by a covenant in a separate deed, it was said that an equitable lien is created by covenant only, first, where the covenant refers to particular property, or, second,

where property has been acquired with an intention to perform or satisfy the covenant; and this intention must be an actual intention existing in fact.

In the case at bar, the facts agreed do not justify the inference that this policy was obtained with the intention, at the time, to perform the condition in the mortgage. That condition required insurance on the dwelling-house only, in a sum not less than $3200, for the benefit of the mortgagee, at such offices in Massachusetts as he should approve. This insurance was obtained without his approval or knowledge, more than a year after the mortgage was made, for $2000 in all, $500 of the same being on the mortgagor's personal property not covered by the mortgage, and only $1500 on the house. Both mortgagor and mortgagee had an insurable interest in the property, and each had the right to protect himself from loss by his own contract of insurance. So far as these facts go, the inference is that Stearns intended to insure only his own interest in the house as well as in the personal property. And the important element is lacking which is necessary to establish the claim of Andrews.

There is another view of this case which leads to the same result. For, assuming that Andrews has an equitable claim to that part of the policy which covers the house, yet it is one which he cannot enforce in a suit at law on the policy in the name of Stearns, the mortgagor, because the latter must have an equal right to recover his share in such an action, and the company would be required to pay one loss by instalments to different persons, and be subject to two suits for the same cause of action, in favor of the same plaintiff. *Palmer* v. *Merrill*, 6 Cush 282. *Gibson* v. *Cooke*, 20 Pick. 15.

*Judgment for the defendant.*

*G. A. Torrey & H. Bailey*, for the plaintiff.
*W. A. Field*, for the defendant.