JOHN T. AMES and another *vs.* RUTH C. RICHARDSON, substituted as defendant.

July 25, 1882.

Covenant to Insure in Mortgage—Equitable Lien of Mortgagee—Insurance Money—Assignment of Policy to Third Person by Mortgagor after Loss.—On December 16, 1879, C., owning a piece of land, insured a mill, machinery and fixtures therein against damage by fire, in the Western Manufacturers' Mutual Insurance Company, for $2,000. December 18, 1879, C. borrowed of defendant R. $5,200, for which he gave his note on five years, secured by a mortgage of the land mentioned, duly recorded December 22d. By the terms of the mortgage, C. covenanted with R. that, at all times during its continuance, he would keep the buildings on the mortgaged premises unceasingly insured for at least $5,200, payable in case of loss to R., to the amount then secured by the mortgage. December 28, 1879, C. insured the mill, machinery, and fixtures for $1,500 in one company, and for $2,000 in another; the losses being made payable by indorsements upon the policies to R., as her interest might appear. On July 9, 1880, the insured property was totally destroyed by fire. Before this time R. had no knowledge of the first insurance. The losses on the three insurances were adjusted by C. and the insurance companies at $4,298.03, as the true value of the property destroyed, so that the losses payable to R. were scaled from $3,500 (the face of the last two policies) to $2,442.20, which sum was paid to R. and applied on C.'s note. The loss under the first insurance was scaled and adjusted at $1,317.70, and that sum agreed to be paid C. accordingly. This was done July 19, 1880, and

on the same day the certificate issued to C. on the first insurance, in lieu of a policy, was for value assigned to the plaintiffs. *Held*, that R. has an equitable lien on the proceeds of the first insurance, and is entitled to recover the same, to be applied on her note and mortgage.

Plaintiffs brought this action, in the district court for Hennepin county, against the Western Manufacturers' Mutual Insurance Company, to recover the amount due on a policy of insurance for $2,000, issued to one Robert Cochran, on a mill and machinery in this state. The mill was destroyed by fire, and the loss under this policy was adjusted at $1,317.70 on July 19, 1880. On the same day Cochran assigned all his rights under the policy to plaintiffs. Ruth C. Richardson, who had a mortgage upon the mill property, claiming to be entitled to this sum, was substituted as defendant in place of the insurance company.

The action was submitted to the court, *Young*, J., presiding, upon the complaint and answer, the allegations of which were admitted to be true, and the material portions of which are stated in the opinion. The court found for the plaintiffs, and ordered judgment accordingly. Defendant appeals from an order refusing a new trial.

*Koon, Merrill & Keith*, for appellant, cited *Wheeler* v. *Ins. Co.*, 101 U. S. 439; *Nichols* v. *Baxter*, 5 R. I. 491; *Cromwell* v. *Brooklyn Fire Ins. Co.*, 44 N. Y. 42; *Miller* v. *Aldrich*, 31 Mich. 408; *Hazard* v. *Draper*, 7 Allen, 267; 2 Am. Lead. Cas. (5th Ed.) 832; 1 Story Eq. Jur. (12th Ed.) 61; 2 Parsons on Cont. 441.

*Perkins & Whipple*, for respondents, cited *contra*, *Stearns* v. *Quincy Ins. Co.*, 124 Mass. 61; *Masury* v. *Southworth*, 9 Ohio St. 340; *Norman* v. *Wells*, 17 Wend. 136; 2 Washburn on Real Prop. 263; 1 Jones on Mortgages, §§ 403, 415.

From an examination of the authorities cited by appellant, it will appear in every case (excepting *Nichols* v. *Baxter*,) that the policy was taken after the mortgage was given, and for the benefit of the mortgagor, or under an express agreement to do so. In *Nichols* v. *Baxter*, *supra*, although the policy had been issued, as in this case, before the mortgage was given, the court found, as a fact, that it was the intention of the parties that the policy should be assigned to the mortgagee in performance of the agreement to insure. In the pres-

ent case, the policy was issued prior to the giving of the mortgage, and there is no finding by the court, or allegation in the pleadings, that there was any intention to assign it to the mortgagee. On the contrary, it appears that its existence was unknown to defendant until proof of loss in .1880.

BERRY, J. On December 16, 1879, Cochran, being owner of a piece of land in this state, insured a mill, machinery and fixtures therein against damage by fire, in the Western Manufacturers' Mutual Insurance Company, for $2,000. December 18, 1879, he borrowed of defendant $5,200, for which he gave his promissory note on five years, secured by a mortgage of the land mentioned, which was duly recorded December 22d. By the terms of the mortgage Cochran covenanted with Richardson that at all times during its continuance he would keep the buildings on the premises "unceasingly insured" for at least $5,200, payable in case of loss to Richardson, to the amount then secured by the mortgage. December 28, 1879, Cochran insured the mill, machinery and fixtures for $1,500 in one company, and for $2,000 in another, and, by indorsement upon each of the two policies issued to him, the loss was made payable to Richardson, as her interest might appear. On July 9, 1880, while the three insurances were in force, the insured property was totally destroyed by fire. Before this Richardson had no knowledge of the first insurance. The loss was adjusted by Cochran and the three insurance companies at $4,298.03, as the true value of the property destroyed. The result was that the losses payable to Richardson were scaled from $3,500 (the face of the last two policies) to $2,442.20, and this sum was paid to her and applied on the note. The loss under the first insurance was scaled and adjusted at $1,317.70, and that sum agreed to be paid Cochran accordingly. This was done July 19, 1880, and on the same day the certificate which had been issued to Cochran by the Western Manufacturers' Mutual Insurance Company, in lieu of a policy, was for a valuable consideration duly assigned to the plaintiffs. They brought this action against the insurance company to recover the amount of the loss as adjusted at $1,317.70. Nothing having been paid upon Richardson's note and mortgage other than the sum of $2,442.20 before mentioned, and the whole debt having

been declared due under a provision in the mortgage, there remains due and unpaid thereon something over $3,000. Richardson laying claim to the money ($1,317.70) realized from the first insurance, the company paid it into court, and Richardson was substituted as defendant in the company's place. The question is, who is entitled to this money—plaintiffs or Richardson?

It is well settled that, in the absence of an agreement by a mortgagor to insure for the benefit of his mortgagee, the latter has no right to any advantage whatever from an insurance upon the mortgaged property effected by the former for his own benefit. 1 Jones, Mortg. § 401; *Nichols* v. *Baxter,* 5 R. I. 491; *Plimpton* v. *Ins. Co.,* 43 Vt. 497; May, Ins. §§ 449, 456; *Carter* v. *Rockett, etc., Ins. Co.,* 8 Paige, 437.

It is equally well settled that an agreement by the mortgagor to insure for the benefit of his mortgagee gives the latter an equitable lien upon the proceeds of a policy taken out by the former and embraced in the agreement. And when the agreement is that the mortgagor shall procure insurance upon the mortgaged property, payable in case of loss to the mortgagee, and the mortgagor, or some one for him, procures insurance in the mortgagor's or a third person's name, without making it payable to the mortgagee, though this be done without the mortgagee's knowledge, or without any intent to perform the agreement, equity will treat the insurance as effected under the agreement, (unless this has been fulfilled in some other way,) and will give the mortgagee his equitable lien accordingly. This is upon the principle by which equity treats that as done which ought to have been done. That is to say, inasmuch as the insurance effected ought to have been made payable to the mortgagee, equity will give the mortgagee the same benefit from it as if it had been. In support of these general propositions we refer to *Thomas* v. *Voukapff,* 6 Gill & J. 372; *Carter* v. *Rockett, etc., Ins. Co.,* and *Nichols* v. *Baxter, supra; Wheeler* v. *Ins. Co.,* 101 U. S. 439; *Cromwell* v. *Brooklyn Fire Ins. Co.,* 44 N. Y. 42; *Miller* v. *Aldrich,* 31 Mich. 408; 1 Story, Eq. Jur. § 64*g*; 2 Am. Lead. Cas. (5th Ed.) 832–4; *In re Sands Ale Brewing Co.,* 3 Biss. 175.

In the cases cited (with the exception of *Nichols* v. *Baxter*) the insurance was effected *after* the agreement to insure. In *Nichols* v. *Baxter* it would seem that the court thought this made no difference, though the opinion alludes (somewhat as a makeweight, as it occurs to us) to the fact, which appeared by inference only, that the insurance in that case, though effected *before* the agreement to insure, was understood by the parties to be embraced in it. We, however, can see no reason why the same rule should not be applicable to insurance already subsisting when the agreement to insure is made, as to that subsequently obtained, unless this result is affirmatively excluded by the facts of the case. Such subsisting insurance can be made payable to the mortgagee, or assigned to him, so as to satisfy the agreement. Where the agreement is, as in the case at bar, "*to keep*" the premises insured, it is entirely consistent with its letter as well as its spirit to hold that it embraces prior as well as subsequent insurance. And where, as in the present instance, the value of the insured property is such that subsequent insurance, sufficient to satisfy the agreement, cannot be obtained so long as the prior insurance stands, this is an equitable circumstance entitled to great weight upon the question whether the prior insurance ought to be held to be covered by the agreement. This equitable circumstance is much enhanced when the effect of the prior insurance is, as in this case, to scale and reduce the subsequent insurance procured and made payable to the mortgagee under the agreement.

In such a state of facts, to permit the mortgagor to withhold the prior insurance from the mortgagee is to permit him to profit by his own wrong, at the expense of him whom he has wronged, and a violation of one of the first principles of law as well as of equity. The question is not what the mortgagor's *intention* was with reference to the prior insurance, but whether it was equitable that, in carrying out any intention, he should be permitted to withhold the benefits from the mortgagee, especially in view of the maxim that equity regards that as done which ought to have been done. *Cromwell* v. *Brooklyn Fire Ins. Co.*, *Wheeler* v. *Ins Co.*, *Miller* v. *Aldrich*, and *In re Sands Ale Brewing Co.*, *supra.*

Applying these considerations to this case, we are of opinion that Richardson is clearly entitled to an equitable lien upon the proceeds of the first insurance, to be applied upon her note and mortgage. Cochran ought to have kept his covenant. He could have done this by procuring a third new policy, or by assigning the first insurance, or having it made payable to Richardson. As he did not do the former, he should have done the latter, and therefore Richardson is in equity entitled to stand in the same position as if he had done what he ought to have done.

*Stearns* v. *Quincy Ins. Co.*, 124 Mass. 61, relied upon by the plaintiffs is not a case presenting the precise question whether an insurance effected before an agreement to insure is to be regarded as embraced in such agreement, so as to give a mortgagee an equitable lien on the proceeds. But the principle there enunciated, and which appears to be supported by other decisions of that state, is that the mortgagee cannot have the lien unless the insurance was obtained by the mortgagor as his agent, or with *intent* to perform an agreement to insure. If this was to be regarded as the correct rule, it would seem to be decisive in the plaintiffs' favor. But it is against the weight and current of authority, and, as it seems to us, inequitable, and therefore we do not follow it.

Another question was discussed upon the argument, viz., whether the covenant to insure ran with the land, so that the record of the mortgage was constructive notice to the plaintiff and to all others of Richardson's (the mortgagee's) equities. We do not deem it at all necessary to consider this question. The mortgagor's assignment of his claim under the certificate after the loss was an assignment of a debt,—a mere chose in action,—which the plaintiffs took subject to all defences and equities against him. *Archer* v. *Merchants' & M. Ins. Co.*, 43 Mo. 434; *Wilson* v. *Hill*, 3 Met. 66; *Brichta* v. *N. Y. Lafayette Ins. Co.*, 2 Hall, (N. Y.) 372; *Mellen* v. *Hamilton Fire Ins. Co.*, 17 N. Y. 609; *Greene* v. *Warnick*, 64 N. Y. 220; May, Ins. § 386. From all this it follows that, in our opinion, the defendant is entitled to the proceeds of the first insurance paid into the court, instead of the plaintiffs, as found by the court below.

There being no dispute as to the correctness of the findings of fact, the case is remanded, with directions to the district court to render judgment for the defendant accordingly. Though there is no formal reversal of the order denying a new trial, the defendant is entitled to costs, as of course.