Filed Dec. 7, 1887.

| 112 | 535 |
|-----|-----|
| 120 | 32  |
| 112 | 535 |
| 124 | 131 |

No. 13,670.

NORDYKE & MARMON COMPANY *v.* GERY ET AL.

.MORTGAGE.—*Interest of Mortgagee in Insurance Effected by Mortgagor on Mortgaged Premises.*—A mortgagee, merely as such, has no interest, legal or equitable, in a policy of insurance effected by the mortgagor upon the mortgaged premises for his own benefit, in the absence of any covenant or contract requiring the latter to insure for the benefit of the former.

Nordyke & Marmon Company *v.* Gery *et al.*

SAME.—*Covenant.—Equitable Lien of Mortgagee.*—Where a mortgagor has covenanted that he will keep the mortgaged premises insured for the benefit of the mortgagee, and either has effected or thereafter effects insurance in his own name, though without the mortgagee's knowledge, and without intent to perform the agreement, such insurance will be treated as having been effected under the agreement, and the mortgagee will have an equitable lien thereon.

SAME.—*Performance by Mortgagor of Covenant to Insure.*—Where a mortgagor, who has covenanted to insure the mortgaged premises for the benefit of the mortgagee, has effected solvent insurance, in good faith, in the name and to the acceptance of the latter, to an amount adequate to secure the debt, and has kept the policies alive until loss occurs, he is not in default, and will be responsible thereafter only for such infirmities as existed in the insurance at the time the policies were accepted, or such as may have resulted from his own subsequent conduct.

From the Tippecanoe Superior Court.

*H. W. Chase, F. S. Chase, F. W. Chase, A. P. Stanton* and *J. E. Scott,* for appellant.

*J. R. Coffroth, T. A. Stuart* and *J. H. Adams,* for appellees.

MITCHELL, J.—This was a proceeding commenced in the Tippecanoe Superior Court by the Nordyke & Marmon Company to foreclose two mortgages executed by Gery, Hall & Co. to the plaintiff below.

The mortgages covered a tract of real estate, the chief value of which consisted in a roller-mill thereon erected, with the furniture and fixtures therein contained. They were given to secure debts amounting respectively to $2,399.80 and $376.83. Both of the mortgages contained stipulations therein written, similar in legal effect, by which the mortgagors covenanted to keep the mortgaged premises fully insured for the benefit of the mortgagee, as its interest might appear. The mortgagors had caused the property to be insured, in various fire insurance companies, to the amount of $7,500. Of the policies so taken out, two, one issued by the Louisiana Insurance Company, the other by the Monarch Insurance Company, each for $1,250, had been made payable to, and were delivered to, the mortgagee, as a compliance

with the covenant contained in the mortgage securing the debt of $2,399.80. No insurance was taken especially applicable to the other mortgage.

The mortgagee alleged that, since the issuance of the policies, the roller-mill, with all the combustible material appertaining to it, had been destroyed by fire, and that the Monarch Insurance Company had become wholly insolvent, so that the mortgaged premises, with the insurance policies delivered to the appellant, were wholly inadequate to secure its debt, which, with the accumulated interest, amounted to about $3,200. There was a prayer for the foreclosure of the mortgages, and that a lien might be declared and enforced against the fund, generally, arising from the insurance policies, for an injunction to prevent the appellees from assigning or collecting the money on the policies, and for the appointment of a receiver to collect the money, etc.

The court granted a temporary restraining order enjoining the defendants from making any disposition of the policies, or the money arising therefrom, until a day certain, and until the further order of the court. At the time fixed, the matter respecting the continuance of the restraining order in force, and the appointment of a receiver, was heard by the court upon affidavits presented by the parties respectively. Pending the hearing, $1,333 of the moneys arising from the policies had by agreement been paid into court. Of this sum the court found that $360 ought to be paid to the mortgagee to reimburse it for a reduction, or "scaling," of the policies held by it, which scaling resulted from the taking out of other policies of insurance by the mortgagors subsequent in date to those held by the appellant. It was further found that the sum of $396.82, the amount of the second mortgage debt, with the accumulated interest, should be paid out of this fund.

Thereupon the defendants entered of record their consent that the sums above mentioned should be paid. Upon this being done, the court dissolved the temporary restraining

order theretofore issued, refused to appoint a receiver, and released the residue of the fund in the hands of the clerk and ordered it to be paid to the defendants.

From the interlocutory order so made this appeal is prosecuted.

Since the order of the court rendered available to the appellant a sum sufficient to satisfy the debt secured by the second mortgage, the consideration of any question connected with that instrument can be of no practical moment.

It was a disputed question, but the court may have found from the evidence before it that the appellant accepted the policies delivered to and retained by it as a compliance with the covenant contained in the first mortgage. That being so, the propriety of the order made by the court, in denying the application for a receiver, and in ordering that the residue of the money in its custody be paid to the appellees, depends upon whether or not, after the acceptance of the policies, the appellant may nevertheless resort to the insurance taken out by the mortgagors for their own benefit, on account of the total or partial insolvency of one of the companies whose policy it retains. While the court may have deemed it unnecessary in any event that the expense of a receiver should be incurred, and its order in that regard may have been proper, however the rights of the parties may ultimately appear, it is nevertheless apparent that the court must have reached the conclusion that in no event supposable upon the facts exhibited would the appellant be entitled to the money remaining in the hands of the clerk. Hence the order that the money should be paid to the appellees.

On behalf of the appellant it is contended, with much force and plausibility, that the covenant to keep the property fully insured for the benefit of the mortgagee, as its interest might appear, operated to vest in the appellant a specific right to the policies taken out in its name and delivered to it, and also to confer upon it an equitable lien upon any subsequent insurance taken out by the mortgagors for their own benefit,

to an extent necessary to enable it to realize therefrom any deficiency which may result from the inadequacy of the insurance delivered to it from any cause.

It is abundantly settled that a mortgagee, merely as such, has no interest, either in law or equity, in a policy of insurance effected by the mortgagor upon the mortgaged premises for his own benefit, independent of any covenant or contract requiring the latter to insure for the benefit of the former. 1 Jones Mortg., section 401.

Between the insurer and the insured a policy of fire insurance is, as a general rule, purely a personal contract, by which the former agrees to indemnify the latter against any loss he may sustain by the destruction of his interest in the property insured.

It is settled beyond controversy, however, that the insured may, by an executed agreement, under which insurance is effected in the name of a third person who has an insurable interest in the property, invest such third person with the legal right to enforce payment of a policy taken out for his indemnity; or he may, by an executory agreement, give to such third person an equitable lien upon the money due upon a policy which the insured has taken out in his own name, but which, according to the agreement, should have been taken in the name of the other, or which should have been, by the like agreement, assigned to him. *Nichols* v. *Baxter*, 5 R. I. 491; *Doughty* v. *Van Horn*, 29 N. J. Eq. 90; *In re Sands Ale Brewing Co.*, 3 Bissell, 175; *Ames* v. *Richardson*, 29 Minn. 330; *Miller* v. *Aldrich*, 31 Mich. 408; *Cromwell* v. *Brooklyn Fire Ins. Co.*, 44 N. Y. 42; *Wheeler* v. *Insurance Co.*, 101 U. S. 439.

The foregoing and many other decisions settle the proposition that, in case a mortgagor has covenanted that he will keep the mortgaged premises insured for the benefit of the mortgagee, and either has effected or thereafter effects insurance in his own name, " though this be done without the mortgagee's knowledge, or without any intent to perform

the agreement, equity will treat the insurance as effected under the agreement (unless this has been fulfilled in some other way), and will give the mortgagee his equitable lien accordingly. This is upon the principle by which equity treats that as done which ought to have been done. That is to say, inasmuch as the insurance effected ought to have been made payable to the mortgagee, equity will give the mortgagee the same benefit from it as if it had been." *Ames* v. *Richardson, supra; Thomas* v. *Vonkapff*, 6 Gill & J. 372; *Carter* v. *Rockett*, 8 Paige, 437.

From what has preceded, the conclusion may be deduced that the right of a mortgagee to avail himself of the benefit of insurance taken out by the mortgagor depends wholly upon contract, and that his right to invoke the aid of a court of equity to enforce a lien upon money arising from unassigned policies effected by and in the name of the mortgagor depends entirely upon the existence of an unperformed executory agreement on the part of the mortgagor. When a contract has been fully and fairly executed according to its spirit and purpose, and to the acceptance of the party for whose benefit it was made, the consummation or performance of the contract leaves no room for the application of the equitable doctrine that equity treats that as done which ought to have been done. If a mortgagor, who has covenanted to insure the mortgaged premises for the benefit of the mortgagee, has effected solvent insurance, in good faith, in the name and to the acceptance of the mortgagee, to an amount adequate to secure the debt, then he has done that which he ought to have done; and if, in good faith, under the belief that he is affording the mortgagee valid indemnity, he keeps the policies so taken out alive until the mortgage debt is paid, or a loss occurs, he is not in default. This is according to the rule which declares, that "If a covenant be once properly performed, the covenantor shall be absolved from all liability, although the performance may by matter

subsequent be defeated or rendered unavailing." Platt Covenants, 140.

In such a case the mortgagor will have satisfied his covenant as completely as has a debtor who has paid his debt in compliance with his contract. He will be responsible thereafter only for such infirmities as existed and were inherent in the insurance at the time the policies were accepted, or such as may have resulted from his own subsequent conduct. "Though the covenantor performs the letter of his covenant, yet if he does any act to defeat its intent or use, he is guilty of a breach." Platt Covenants, 139.

In respect to insurance effected by the mortgagor for his own benefit, after and so long as the covenant to insure for the benefit of the mortgagee remains satisfied, the parties stand in the relation of mortgagor and mortgagee, between whom no contract to insure exists.

The application of what has been said to the case under consideration is this: the court may have found that the appellees purchased insurance, in the name and to the acceptance of the appellant, to an adequate amount, in companies which were solvent at the time, thereby fully complying with and satisfying the covenant contained in the mortgage. It may have found further, that they had in good faith complied with their contract, by continuing the policies thus accepted and held by the appellant, under the belief that they were affording their creditor available indemnity against loss by fire, and that they had done nothing since to impair or defeat the validity of the policies, except to take out subsequent insurance for their own protection, the effect of which was to scale the policies held and owned by the appellant, which scaling the court required them to make good. Upon the assumption that the foregoing may have appeared as the probable situation, the propriety of the orders made by the court is apparent. Whether the final hearing shall result in establishing what may have seemed probable at the pre-

liminary hearing remains to be determined by the court be-
low when the evidence shall have been fully heard.

The orders and judgment of the court are affirmed, with
costs.

Filed Oct. 19, 1887; petition for a rehearing overruled Dec. 10, 1887.