SOUTHERN COMMERCIAL AND SAVINGS BANK, Appellant,
v. ELIZABETH KOELN *et al.*, Respondents.

St. Louis Court of Appeals, December 18, 1894.

Practice, Appellate: REVIEW OF FACTS IN ACTIONS IN EQUITY. While this court is not bound by the findings of fact of the trial court in an action in equity, it will defer somewhat thereto, and will not reverse them unless they are against the weight of the evidence.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL DILLON, Judge.

AFFIRMED.

*W. M. Kinsey* for appellant.

*Rassieur & Schnurmacher* for respondents.

BIGGS, J.—This is an action in equity to charge
the separate property of the defendant, Elizabeth
Koeln, with the payment of a debt. Peter Koeln, her
husband, is made a codefendant. The debt is evi-
denced by a note for $500, dated September 16, 1892,
due ninety days after date, and signed by Wilhelmina
Stein, Conrad Stein, Louis Decker, and the defendant
Elizabeth Koeln. The names of Decker and Mrs.
Koeln appear on the back of the note. Mrs. Koeln
made three defenses. *First.* That she was an indorser
upon the note, and that she had no notice of its non-
payment. *Second.* That the plaintiff, without her
knowledge and consent, extended the time of the pay-
ment of the note. *Third.* That in payment and satis-
faction of the note Wilhelmina and Conrad Stein, the
principals, gave to the plaintiff a new note, secured by
a deed of trust on certain property belonging to Wil-
helmina. The court found the issues for the defend-
ants, and dismissed the plaintiff's bill. On this appeal
the plaintiff complains of the admission of evidence,
and that the findings are against the weight of the
evidence.

The plaintiff saved no exceptions to the rulings of
the court as to the admission of certain evidence, and,
therefore, counsel for respondents say that the objec-
tion was thereby waived. That is technically true,
but, as this is an equity case in which we can consider

nothing but legal evidence bearing on the issues, the action of the court in admitting evidence can not be the subject of complaint on appeal.

Mrs. Koeln, being neither the payee nor indorsee on the note, is to be considered, *prima facie*, a maker. But it was competent as between her and the plaintiff to show *aliunde* that she signed the note as indorser. We are not satisfied with her evidence in support of this defense, so we will put it aside. The evidence complained of as being illegally admitted bears on this issue alone.

Whether Mrs. Koeln was an indorser or not, it is admitted by the plaintiff that she was a surety or accommodation maker. As to the second and third defenses, Wilhelmina Stein testified that, when the note became due, she endeavored to get Decker and Mrs. Koeln to indorse a renewal note; that Decker refused; that she reported this to the plaintiff's cashier; that he then proposed that, if she would give a new note due in one year, and include in it the note in controversy, also a note for $300 due from her to the president of the bank, and add $100 for interest and expense, and secure it by a deed of trust on her property, the bank would accept it, thus giving her a year within which to pay the debt and relieving her of the trouble and annoyance of securing indorsers on renewal notes; and that, in accordance with the terms of this agreement, she did execute a new note and deed of trust, and that the cashier accepted the same in settlement of the old indebtedness. Decker swears that the cashier told him that, under an agreement with Mrs. Stein, the plaintiff had extended the time for the payment of the note for one·year; and that this was the first he heard of it. Mrs. Koeln testified that the cashier told her that the old note had been settled; that Mrs. Stein had given a new note and deed of

trust; that he had given her a year within which to pay the note, and that the arrangement was better for her and all parties concerned. She also testified that she had no knowledge of the new arrangement between Mrs. Stein and the plaintiff, until a week or ten days after it had been entered into.

On the other side, the cashier testified that the note for $900, secured by a deed of trust on Mrs. Stein's property, was taken as collateral security merely, and that there was no definite understanding that time should be given for the payment of the original indebtedness. He denied the conversations testified to by Decker and Mrs. Koeln, *but claimed that he stated* to them that he held the new note and deed of trust as collateral. He also testified that in July following Mrs. Koeln promised that, when she returned from the country, she would pay up the accrued interest on the note in suit. The president of the bank testified substantially to the same facts. Mrs. Koeln denied making any such promise. Aside from some attending circumstances, to which we need not allude, the foregoing is substantially the evidence upon which the cause was submitted.

It is quite evident that we ought not to disturb the judgment in this case. If the number of the witnesses is to be considered, the advantage is with the defendants on either one of the defenses. Some of the attending circumstances are against the judgment, and others support it. It is true that, in reviewing equity cases, we are not bound by the judgment of the lower court, but we must defer somewhat to the conclusion there reached. By this is meant that, unless the findings of the trial judge are against the weight of the evidence, his judgment must be affirmed.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. All the judges concur.