ALLAN R. BROWNE ET AL., DEFENDANT IN ERROR, v. THE FRANKLIN FIRE INSURANCE CO. ET AL., DEFENDANTS; JOHN A. HILL, PLAINTIFF IN ERROR.—37 S. W. (2d) 977.

Kansas City Court of Appeals. Opinion filed February 16, 1931.

*Allan R. Browne, Bryan Allen* and *Wilbur R. Ennis* for defendant in error.

*L. A. Laughlin* for plaintiff in error.

ARNOLD, J.—This is an action in equity seeking to adjudge conflicting claims and distribute the proceeds of a certain fire insurance policy.

The facts show defendant, the Franklin Fire Insurance Company, is a corporation duly authorized to transact business in the State of Missouri, and John A. Hill defendant and appellant is a resident of Kansas City, Missouri. The plaintiffs, Salvatori (Sam) Agrusa and Anna Agrusa are husband and wife, and plaintiff, Allan R. Browne, is a practicing attorney of said city. On November 2, 1925, the Agrusas were owners of lot 13, block 5, Matthews & Hill's addition in Kansas City, upon which was a frame dwelling known as number 411 Brooklyn Avenue. On that day they borrowed the sum of $1900, and gave one J. L. Jones their promissory note for this amount, payable in monthly installments, secured by a first deed of trust on the property. Shortly thereafter, or at that date, the note was sold and assigned with the deed of trust to John A. Hill. The deed of trust contained a covenant whereby the Agrusas agreed:

". . . to keep the improvements upon said land constantly and satisfactorily insured until said note be paid, against loss by fire, in the sum of at least twenty-five hundred dollars and against loss by tornado and windstorm in the sum of at least twenty-five hundred dollars, and the policy or policies constantly assigned or pledged. and delivered to said third party or assigned for further securing the payment of said note, with power to demand, receive and collect any and all moneys becoming payable thereunder, and the same to apply toward the payment of said note, unless otherwise paid," etc.

It is in evidence that at the time the deed of trust was executed there was some insurance on the property, which expired soon there-

after, and that Hill took out two policies of insurance on the property, the first on Dec. 16, 1925, in the sum of $500 and the second on May 21, 1926, in the sum of $2000, both in the name of the Agrusas, and for which the latter paid the premiums. Both policies were written by the Metropolitan Fire Insurance Company of Kansas City, Mo., and both have a mortgage clause making the loss, if any, payable to the mortgagee or assigns. These policies were retained by Hill and ever since have been in his possession.

On Feb. 2, 1927, the Agrusas took out a policy on the house for $3000 in the Franklin Fire Insurance Company, and this one had no mortgage clause. This policy always has been in possession of the Agrusas and Hill was not aware of its existence until after the loss occurred. On July 5, 1928, the house was totally destroyed by fire. The value of the lot after the fire is variously estimated at $300 to $500.

On July 10, 1928, the Agrusas entered into a written contract with Allan R. Browne, attorney at law, agreeing to give Browne one-third of any amount collected on the Franklin policy for his services in collecting it. Browne entered into negotiations with the Franklin Insurance Company and the loss was adjusted for the sum of $2600, and a draft for that amount, payable to Sam Agrusa and Anna Agrusa, John A. Hill and Allan R. Browne, was sent by the home office of said company to its local agent at Kansas City, but Hill refused to indorse the draft unless his note was paid out of the proceeds. This action was then instituted as a suit in equity to adjust and distribute the said money, and is brought by Allan R. Browne, Sam Agrusa and Anna Agrusa, as plaintiffs, against the Franklin Fire Insurance Agency and John A. Hill, as defendants.

After stating the foregoing facts and making the further allegation that Hill had orally agreed he would have no interest in the Franklin policy, the petition prayed the insurance company be ordered to pay the $2600 into court, and the court adjudge plaintiffs entitled to said fund to the exclusion of defendant Hill, and for the enforcement of Browne's attorney's lien. On motion of the Franklin Insurance Company and agreement of parties, the insurance company paid the $2600 into court and was released from all further liability.

Hill filed answer and cross petition asking judgment on the note against the Agrusas, and that it be adjudged an equitable as well as contractual lien upon the money paid into court. The reply was a general denial. Upon the issues so pleaded the cause went to trial at the November term, 1928, of the circuit court of Jackson County, before a special judge, resulting in a decree that defendant Hill had no interest in the fund, and ordering the clerk to pay the Agrusas $1733.33, and Allan R. Browne $866.67. The decree also gave Hill judgment on his note and adjudged that Hill pay the costs of the suit. At the January term, 1929, the judgment was amended *nunc*

*pro tunc* by striking out·that part of the decree giving judgment in favor of Hill on his ·note, and ·in· lieu thereof, specified· that said judgment in favor of Hill ''was outside the issue so tried and submitted and said finding and judgment . . . should be stricken out.''

Motions for a new trial and in arrest of judgment, on behalf of defendant Hill were overruled and Hill appealed. Later the appeal was dismissed and the cause is before us for consideration on a writ of error sued out by Hill.

In his brief defendant states the· Metropolitan Fire Insurance Co. refused to· pay the loss under the· two policies first named, and said company is·now insolvent and in the hands of the Insurance Depart· ment of the State of Missouri, as receiver. However, we · find no proof of such receivership· in the record.

The first point urged is that defendant Hill is entitled to all the money paid into court by the Franklin Fire Insurance Company. In his argument, defendant first undertakes to state the position of each of the parties hereto and declares a petition in equity should be referable to some recognized ground of equitable jurisdiction in order to be sustained; that the ground of·equitable jurisdiction sought to be invoked by plaintiffs can only be that of interpleader; that plaintiffs are one of two parties claiming a fund in the hands of a third party, and bring this suit in·equity against the other claimant· and holder of the fund to have the rights of the parties determined, as upon a bill of interpleader. And it is argued this may not be done.

It is urged the bill was demurrable for want of equity and that defendant Hill did demur to it on that ground; that the Franklin Insurance Company could not file a bill of interpleader because they were not willing to pay the full amount of the policy into court, and they could not litigate the question whether they should pay less. [Citing cases.] It is argued in this condition of the case the Franklin Insurance Company filed a motion offering to pay $2600 into court, for a release from all liability; that this offer was accepted and the money paid in; that as the case now stands, it is as though the Franklin Company had filed a bill of interpleader in the first place, and plaintiffs by their petition, and defendant Hill by his answer were interpleading for the fund.

We have carefully scanned the record and fail to find defendant Hill, at any time, demurred to the petition. The only place in the record where there is any mention of the sufficiency or inadequacy of the petition is in the motion in arrest of judgment wherein it is stated as one of the grounds for arrest: ''The petition does not state facts sufficient to constitute a cause of action.'' We must hold this charge is not sufficient to support defendant's contention that there was a demurrer to the petition, or his charge that the cause is not one in equity. In the first place, the record shows the amount of $2600

was fixed by adjustment and a draft for that amount forwarded. It is true defendant Hill had nothing to do with said adjustment. The fact is outstanding that Hill, by means of his cross-bill, sought the same remedy plaintiffs were seeking by their petition. Defendant Hill is in no position to complain in this respect. Moreover the cause was tried as one in equity and we shall so treat it here. Defendant cites Boyer v. Hamilton, 21 Mo. App. 520; Arn v. Arn, 81 Mo. App. 133, and Hathaway v. Foy, 40 Mo. 540, as supporting his theory on this point.

Plaintiffs properly make the distinction between the cases just cited and the one at bar in that in the cited cases the funds had not been placed in the court for proper distribution by the chancellor. Here the insurance company came into court and, by motion, offered to pay the sum of $2600 which had been agreed upon, as the liquidated amount due from the insurance company; said offer was accepted by Hill, the Agrusas and Browne and the motion was sustained. We, therefore, hold defendant Hill, having waived objection to the form of the action may not raise the question for the first time on appeal. It is of record there is no dispute among the parties as to the amount the Franklin Company should pay on the policy. This takes the case out of the rule stated in 33 C. J. 440, to the effect that an interpleader fails only if the amount which is the subject of the interplea is in controversy. As we view the case (and this seems to be agreed upon between the parties), the chief question for determination is the construction to be placed on the covenant in the deed of trust which reads:

"And also to keep the improvements upon the land constantly and satisfactorily insured until said note be paid, against loss by fire, in the sum of at least twenty-five hundred dollars."

It is defendant's contention that the amount of the insurance is not rigidly fixed at $2500; that it might be more if the mortgage required it, in order to be "satisfactorily insured"; that the words "at least" imply that it might be more. The general rule as to the construction of these words is found in 5 C. J. 1438, as follows:

"An adverbial phrase meaning at the lowest estimate; at the smallest concession or claim; in the smallest or lowest degree; at the smallest number."

This rule is supported by the following cases: Charles v. Stookey, 154 Fed. 772; Pitman v. Drabelle, 267 Mo. 78, 183 S. W. 1055; also 7 Cooley's Briefs on Insurance (2 Ed.), 6290. Defendant urges the covenant to insure was not limited to $2500, but applied to all insurance taken out by the mortgagor on the property described in the deed of trust; second, the fact that Hill did not know the Agrusas had taken out the Franklin policy and that it had no mortgage clause making the amount of the loss payable to Hill does not deprive

Hill of his equitable lien on the proceeds of the policy; and that this is true regardless of the fact that oral evidence was introduced over Hill's objections to the effect Hill orally agreed with the Agrusas his lien would be confined to the policies in the Metropolitan Company; that the terms of the covenant to insure must control. That this being an equity case the trial court cannot be convicted of error in receiving the evidence, but he should have excluded it from consideration in making his decree though no objection had been made to its introduction; that equity will not override an executed contract. [McKee v. Downing, 224 Mo. 115, 124 S. W. 7; Bank v. Koeln, 60 Mo. App. 79; Troll v. Spencer, 238 Mo. 81, 141 S. W. 855.] As opposed to defendant's position, above stated, plaintiffs insist that because the Agrusas took out insurance in the Franklin Company for another purpose than that of furnishing additional security for the deed of trust, they were entitled to the proceeds thereof when Hill expressed himself as satisfied with the insurance already furnished, to-wit, the Metropolitan policies. Citing 7 Cooley's Br. on Ins., p. 6294, as follows:

"Nor can a mortgage claim a right to insurance taken out by the mortgagor to protect his own interest, merely because the company in which the mortgagor insured the property in accordance with his mortgage covenant had become insolvent. [Nordyke & Marmon Co. v. Gery, 112 Ind. 535, 13 N. E. 683.]

In the case of Wilson v. Hakes, 36 Ill. App. 539, cited by defendant, it was agreed the mortgagor would provide insurance in an amount sufficient to cover the indebtedness. The amount of insurance was not limited, but it must be sufficient to cover the indebtedness; and in that case the amount secured was not sufficient. Under such circumstances the court upheld a lien on enough of the additional insurance to comply with the terms of the mortgage. And in Ames v. Richardson, 29 Minn. 330, the insurance procured was not sufficient to pay the debt. The mortgagor had agreed to keep the property insured for $5200. The opinion holds the mortgagee had an equitable lien only upon the proceeds of a policy embraced in the agreement.

And so we find ourselves, in the case at bar, face to face with the question of construing the covenant to insure set out in the deed of trust. The testimony shows the Argusas provided Hill with $2500, insurance which he placed with a company of his own choosing, and for which the Agrusas paid the premiums. The covenant specified the property should be "constantly and satisfactorily insured in a sum of at least $2500." The testimony shows it was constantly insured and Hill testified it was satisfactory. Plaintiffs quote from Nordyke v. Gery, 112 Ind. 535, 539, 13 N. E. 683, as follows:

"It is abundantly settled that a mortgagee, merely as such, has no interest, either in law or equity, in a policy of insurance effected by the mortgagor upon the mortgaged premises for his own benefit,

independent of any covenant or contract requiring the latter to insure for the benefit of the former. [1 Jones Mortg., section 401.]

"Between the insurer and the insured a policy of fire insurance is, as a general rule, purely a personal contract, by which the former agrees to indemnify the latter against any loss he may sustain by the destruction of his interest in the property insured.

. . . . . . .

"From what has preceded, the conclusion may be deduced that the right of a mortgagee to avail himself of the benefits of insurance taken out by the mortgagor depends wholly upon contract, and that his right to invoke the aid of a court of equity to enforce a lien upon money arising from unassigned policies effected by and in the name of the mortgagor depends entirely upon the existence of an unperformed executory agreement on the part of the mortgagor. When a contract has been fully and fairly executed according to its spirit and purpose, and to the acceptance of the party for whose benefit it was made, the consummation or performance of the contract leaves no room for the application of the equitable doctrine that equity treats that as done which ought to have been done. If a mortgagor, who has covenanted to insure the mortgaged premises for the benefit of the mortgagee, has effected solvent insurance, in good faith, in the name and to the acceptance of the mortgagee, to an amount adequate to secure the debt, then he has done that which ought to have done; if, in good faith, under the belief that he is affording the mortgagee valid indemnity, he keeps the policies so taken out alive until the mortgage debt is paid, or a loss occurs, he is not in default. This is according to the rule which declares, that 'If a covenant be once properly performed, the covenanter shall be absolved from all liability, although the performance may by matter subsequent be defeated or rendered unavailing.' [Platt Covenants, 140.]"

In the case of Hyde v. Ins. Co., 97 N. W. (Nebr.) 629, there was a covenant to take out insurance for the benefit of the mortgagee, but none was taken out. In Cromwell v. Ins. Co., 44 N. Y. 42, also cited by defendant, there was no specific amount named in the covenant to insure and the insured took out no protective insurance with a loss payable clause.

We have examined defendant's other citations and find they are not directly in point here. Whether or not plaintiffs held an insurable interest in the property in this suit is largely determinative of the point under consideration. In Key v. Ins. Co., 101 Mo. App. 344, it was held: "The owner of an equity of redemption may take out insurance to cover his interest." It is said in Jones on Mortgages (8 Ed.), section 489:

"But these cases which support the claim of the mortgagee to insurance obtained by the mortgagor in his own name are regarded as resting upon special facts which justify the inference that the

insurance in question was obtained by the mortgagor with the intent to perform his agreement to insure for the benefits of the mortgagee, or that the agreement had reference to the insurance already obtained. Accordingly, where there was no ground for such inference, and the insurance company paid the amount to the mortgagor, the Supreme Court of Massachusetts held that the mortgagee had no equitable lien upon the policy, and could not recover in the name of the mortgagor.'' [Citing Stearns v. Ins. Co., 124 Mass. 61.] And section 492 reads:

''A mortgagee cannot assert an equitable lien on the proceeds of an insurance policy taken out in the name of the mortgagor long after the execution of the mortgage, where the evidence fails clearly to establish a valid agreement on the part of the mortgagor to insure for the benefit of the mortgagee.''

See Morrison's Admr. v. Ins. Co., 18 Mo. 262, where the question of insurable interest is discussed at some length. The conclusion is inevitable that plaintiffs had an insurable interest in their equity, and they insured this interest when they purchased the Franklin policy.

It is in evidence the house which was destroyed by fire was of the reasonable value of $7000, the mortgagee's interest was $1900, plus interest; that plaintiffs performed their contract to furnish insurance in an amount not less than $2500, to further secure the mortgagee, and this insurance was placed with the Metropolitan Insurance Company, for which plaintiffs paid the premiums. At the trial, the mortgagee expressed himself as having been satisfied therewith. Under the law and the facts here presented, we hold the mortgagee is not entitled to any of the proceeds of the Franklin policy.

Defendant charges error in the admission of evidence of an oral agreement with Hill limiting the lien, and urges this evidence should not be considered. We hold the charge without merit. No attempt was made in introducing this evidence to vary the contract as expressed in the deed of trust agreeing to insure the property for at least $2500.

It is also argued plaintiffs have prejudiced defendant's insurance and caused it to be scaled down, but this charge cannot be sustained. Such insurance is not liable to the objection of a double insurance because, to constitute this, the policies not only must be upon the same piece of property, but also for the benefit of the same person and for the same interest and entire risk. [Dick v. Ins. Co., 10 Mo. App. 376, 81 Mo. 103; Jones on Mortgages (8 Ed.), section 486.] It is further urged that in any event defendant Hill is entitled to a judgment against plaintiffs and to have the same satisfied out of the fund in court. From what has already been said herein, this point

is ruled against defendant. Defendant has called special attention to the case of Kirchgraeber v. Park, 57 Mo. App. 35, but an examination of that case fails to warrant a modification of the above ruling.

Finally it is urged plaintiff Browne is not entitled to an attorney's fee should defendant Hill be adjudged to have a lien on the fund in issue. As we hold defendant Hill is not entitled to a lien on the fund in issue, the point requires no further discussion. The judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.