C. CROZIER GRAY and HENDERSON CROZIER, Respondents, *v.* THE GERMANIA FIRE INSURANCE COMPANY of the City of New York, Appellant.

1. FIRE INSURANCE — OTHER INSURANCE, IN CONTRAVENTION OF POLICY. Where no other insurance existed at the time of the delivery of a policy of fire insurance prohibiting other insurance without indorsed consent, the fact that the company's agent was then informed by the insured that he intended to procure other insurance, and delivered the policy with that knowledge, does not constitute a waiver of the provision as to other insurance or estop the company from insisting upon it.

2. KNOWLEDGE OF EXISTING FACT AVOIDING POLICY — SUBSEQUENT ACT. The distinction between the knowledge, by the insurer, of an existing fact which renders a policy void when delivered and the omission of the insured to give notice of and procure the required consent to a subsequent act, which, by its conditions invalidated the policy, although previously consented to, stated and discussed.

*Gray* v. *Germania Fire Ins. Co.,* 84 Hun, 504, reversed.

(Argued February 1, 1898; decided March 1, 1898.)

APPEAL from a judgment of the late General Term of the Supreme Court in the second judicial department, entered February 27, 1895, affirming a judgment in favor of plaintiffs entered upon a verdict.

The action was upon a policy of fire insurance for one thousand dollars, issued by the defendant October 1, 1892, insuring the goods of the plaintiffs in their store at Haverstraw, N. Y. It was a New York standard policy, and prohibited other insurance unless the consent of the company was indorsed thereon. It also provided that none of its agents should have power to waive any of its provisions except by a written indorsement on the policy.

The defendant's agent applied to the plaintiffs to insure their goods. They informed him of their intention to procure insurance to the amount of three thousand dollars in three different companies, and permitted him to write a policy for one thousand dollars in the defendant company. When the policy was delivered the agent, in answer to an inquiry of the plaintiffs, stated that it was correct. They subsequently obtained two other policies upon the property insured, one for seven hundred dollars and the other for one thousand dollars. The defendant's agent had power to issue policies and to indorse permission for other insurance. But no such indorsement was made upon the policy in suit.

*Ernest Hall* for appellant. The evidence entirely fails to show any waiver of conditions of the policy against other insurance, and, it being conceded that plaintiffs did procure other insurance upon the property covered by the policy, the

contract in suit was thereby rendered null and void, and no recovery against the defendant can be sustained. ( *Walsh* v. *H. F. Ins. Co.*, 73 N. Y. 5 ; *Marvin* v. *U. L. Ins. Co.*, 85 N. Y. 278 ; *Messelback* v. *Norman*, 122 N. Y. 578 ; *Allen* v. *G. A. Ins. Co.*, 123 N. Y. 6 ; *O'Brien* v. *P. Ins. Co.*, 134 N. Y. 28 ; *Baumgartel* v. *P. W. Ins. Co.*, 136 N. Y. 547 ; *Moore* v. *H. F. Ins. Co.*, 141 N. Y. 219 ; *Quinlan* v. *P. W. Ins. Co.*, 133 N. Y. 356 ; *McNally* v. *P. Ins. Co.*, 137 N. Y. 389 ; *Bigler* v. *N. Y. C. Ins. Co.*, 22 N. Y. 402.) The case at bar cannot be brought within the doctrine of those cases which hold " that conditions which enter into the validity of a contract of insurance at its inception may be waived by agents, and are waived if so intended, although they remain in the policy when delivered." ( *Van Schoick* v. *N. F. Ins. Co.*, 68 N. Y. 434 ; *Bennett* v. *N. B. & M. Ins. Co.*, 81 N. Y. 273 ; *Woodruff* v. *I. F. Ins. Co.*, 83 N. Y. 133 ; *Haight* v. *C. Ins. Co.*, 92 N. Y. 51 ; *Carpenter* v. *G. A. Ins. Co.*, 135 N. Y. 298 ; *Berry* v. *A. C. Ins. Co.*, 132 N. Y. 49 ; *Forward* v. *C. Ins. Co.*, 142 N. Y. 387.) An oral consent or promise made to the insured, at or before the execution of the contract, to the effect that he may in future violate the terms of the contract or policy, is not binding and cannot be shown by parol, because the oral promise becomes merged in the contract. (Richards on Ins. § 77 ; *Walton* v. *A. Ins. Co.*, 116 N. Y. 317 ; *Frankfurter* v. *H. Ins. Co.*, 10 Misc. Rep. 117 ; *U. Nat. Bank* v. *G. Ins. Co.*, 34 U. S. App. 397 ; *H. F. Ins. Co.* v. *Wood*, 69 N. W. Rep. 941 ; *E. F. Ins. Co.* v. *G. L. & T. Co.*, 68 N. W. Rep. 895 ; *Burgeois* v. *N. Nat. Ins. Co.*, 23 Ins. L. J. 860 ; *U. M. Life Ins. Co.* v. *Mowrey*, 96 U. S. 544 ; *Thompson* v. *K. L. Ins. Co.*, 104 U. S. 252.)

*Sidney H. Stuart* for respondents. The verdict was in favor of the plaintiffs, and hence all the disputed facts material to the question of law must be deemed to be established in the plaintiffs' favor. (*Forward* v. *C. Ins. Co.*, 142 N.Y. 386.) An agent can bind an insurance company by a parol waiver of the conditions of the policy, and the knowledge of such agent is the

knowledge of the principal, and no limitations of his authority will be binding on parties with whom he deals which are not brought to their knowledge. (*Ellis* v. *A. C. F. Ins. Co.*, 50 N. Y. 406; *Forward* v. *C. Ins. Co.*, 142 N. Y. 388; *Berry* v. *A. C. Ins. Co.*, 132 N. Y. 58; *Carpenter* v. *G. A. Ins. Co.*, 135 N. Y. 302; *Robbins* v. *S. F. & M. Ins. Co.*, 149 N. Y. 477; *Ruggles* v. *A. C. Ins. Co.*, 114 N. Y. 421; *Manchester* v. *G. Assur. Co.*, 151 N. Y. 91.) The company waived any forfeiture, the condition never having operated or attached, by reason of the knowledge of its agent acquired prior to the issuing of the policy of the facts upon which the forfeiture was based. (*Berry* v. *A. C. Ins. Co.*, 132 N. Y. 49; *Pitney* v. *G. F. Ins. Co.*, 65 N. Y. 6; *Bennett* v. *N. B. & M. Ins. Co.*, 81 N. Y. 273; *Woodruff* v. *I. F. Ins. Co.*, 83 N. Y. 133; *Haight* v. *C. Ins. Co.*, 92 N. Y. 51; *Cross* v. *N. F. Ins. Co.*, 132 N. Y. 133; *Carpenter* v. *G. A. Ins. Co.*, 135 N. Y. 298; *McNally* v. *P. Ins. Co.*, 137 N. Y. 389; *Robbins* v. *S. F. & M. Ins. Co.*, 149 N. Y. 477; *Forward* v. *C. Ins. Co.*, 142 N. Y. 382.) It must be assumed from the facts that the agent of the defendant contracted and agreed that the defendant would issue a policy upon which its permission that the plaintiffs might have other insurance would be indorsed, or to which it would be attached. Having failed to do this, the recovery of the amount of the loss is proper as damages for the breach of such contract and agreement. (*Manchester* v. *G. Assur. Co.*, 151 N. Y. 91; *Angell* v. *H. F. Ins. Co.*, 59 N. Y. 171.)

MARTIN, J. The only question we are called upon to determine in this case is whether the knowledge of the defendant's agent that the plaintiffs intended to procure other insurance upon the property covered by the defendant's policy constituted a waiver of the provision therein prohibiting other insurance without the indorsement upon the policy of an agreement to that effect. The courts below have so held. This conclusion was based upon the theory that as the defendant's agent knew that the plaintiffs intended to procure other insurance when the policy in suit was issued, and delivered it

with that knowledge, it constituted a waiver of its provision as to other insurance. Manifestly, this theory cannot be sustained. It is well settled in this state that where an insurance company issues a policy, with full knowledge of facts which would render it void in its inception if its provisions were insisted upon, it will be presumed that it by mistake omitted to express the fact in the policy, waived the provision or held itself estopped from setting it up, as a contrary inference would impute to it a fraudulent intent to deliver and receive pay for an invalid instrument. (*Van Schoick* v. *Niagara F. Ins. Co.*, 68 N. Y. 434 ; *Whited* v. *Germania F. Ins. Co.*, 76 N. Y. 415 ; *Richmond* v. *Niagara F. Ins. Co.*, 79 N. Y. 230 ; *Woodruff* v. *Imperial F. Ins. Co.*, 83 N. Y. 133 ; *Short* v. *Home Ins. Co.*, 90 N. Y. 16 ; *Forward* v. *Continental Ins. Co.*, 142 N. Y. 382; *Wood* v. *American F. Ins. Co.*, 149 N. Y. 382; *Robbins* v. *Springfield F. & M. Ins. Co.*, 149 N. Y. 477, 484.)·

But it is manifest that that principle has no application to the facts in this case. When the defendant's policy was delivered neither of the other policies had been issued, but were subsequently obtained. Consequently, the defendant's policy was valid in its inception. If it became invalid it was by the act of the plaintiffs in subsequently procuring additional insurance, without obtaining an indorsement upon the policy of the defendant's consent. As the defendant issued to the plaintiffs a policy which was valid when delivered, the fact that they informed the defendant's agent of their intention to subsequently procure other insurance was insufficient to justify the courts below in holding that there was a waiver of that condition, or that the defendant was estopped from insisting upon it. (*Baumgartel* v. *Providence- Washington Ins. Co.*, 136 N. Y. 547; *Moore* v. *H. F. Ins. Co.*, 141 N. Y. 219 ; *McNierney* v. *Agricultural Ins. Co.*, 48 Hun, 239.)

The distinction between the knowledge of an existing fact which renders a policy void when delivered and the omission of the insured to give notice of and procure the required consent to a subsequent act, which, by its conditions invalidated

it, although previously consented to, was clearly pointed out in the authorities cited.

The decisions of the courts below are at variance with the principle that written contracts cannot be controlled or varied by oral evidence, and that a written instrument must be regarded as the receptacle of the entire contract between the parties, and merges all previous oral agreements in it.

Nor do we think the contention of the respondents, that they were entitled to recover upon a parol contract of insurance, made with the agent, can be sustained. There was no proof that the defendant's agent ever agreed to issue a policy different from the one delivered, or that he agreed that other insurance might be procured without the indorsement required. It is manifest that this action was upon the policy issued by the defendant, and was not based upon any other agreement between the plaintiffs and the agent of the defendant.

The judgment of the General Term and of the trial court should be reversed and a new trial granted, with costs to abide the event.

All concur, except GRAY, J., absent.

Judgment reversed.