negligence, instead of leaving the question as to whether there was negligence for the jury to determine.

The questions for the jury were, did the defendant's employés start the. car with a jerk, which threw the plaintiff down and injured him, and, if they did, was such a starting of the car negligence? An instruction to the jury that, if the car started with such a jerk, and it could have been started without the jerk, the plaintiff was, as a matter of law, entitled to a verdict, withdrew from the jury the crucial question which they were required to determine, namely, whether any act of the defendant's employés which was negligent caused the jerk which injured the plaintiff. . As was said by Martin, J., in Kellegher v. Forty-Second St., etc., R. R. Co., 171 N. Y. 309, 63 N. E. 1096: "The standard by which the defendant's acts were to be judged was also largely a question of fact, and whether the acts proved came up to or were below that standard was peculiarly a question for the jury."

There was evidence on the part of the defendant that the plaintiff was seated in the car before the car started, and that there was no violent jerk, caused by any act of the defendant's motorman, or those engaged in operating the car; and yet the jury were instructed that, if they found that the car started with a jerk, and plaintiff was thrown, as testified to by the plaintiff and Minzesheimer, the plaintiff was entitled to a verdict, without requiring the jury also to find that the starting of the car by the defendant in the manner described was the cause of the accident. Not only must the negligence of the defendant be established, but such negligence must be shown to be the proximate cause of the accident. This charge violated the established rules in relation to what it was necessary for the jury to find to establish a liability of the defendant, both in failing to require the jury to find the defendant guilty of negligence and in permitting a verdict for the plaintiff without a finding that such negligence was the approximate cause of the accident, and that the plaintiff was free from contributory negligence.

It follows that the judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

LEWIS v. GUARDIAN FIRE & LIFE ASSUR. CO., Limited, et al

(Supreme Court, Appellate Division, First Department. April 8, 1904.)

1. FIRE INSURANCE—LOSS—RECOVERY BY INSURED—RIGHT OF MORTGAGEE.
  Where the insured in a fire policy could not recover for a loss, a mortgagee of the property insured could not enforce the provision in the policy stipulating that the loss, if any, should be payable to the mortgagee as his interest might appear.

2. SAME—POLICY—STIPULATIONS AS TO OTHER INSURANCE—WAIVER.
  . Where an agent of an insurance company has full knowledge of other insurance on the property sought to be insured, and a policy is issued, the stipulation that it shall be void if at the time of its issuance the property was insured will be deemed waived by the company.

¶ 1. See Insurance, vol. 28, Cent. Dig. § 707.

**3. SAME—AGENCY—EVIDENCE—QUESTION FOR JURY.**

   On the issue whether a partnership was an agent of an insurance com-
   pany in procuring certain insurance, it appeared that the policy issued by
   the company contained the word "Agency," followed by the name of a
   city and the name of the partnership, which words were also indorsed on
   the policy. When the application for insurance was made to the partner-
   ship, it issued an interim receipt containing the name of the partnership,
   followed by the word "Agency." A witness testified that he had known the
   partnership for about 12 years, during which time it had been the manager
   of the company. A member of the firm testified that at the time of the
   issuance of the policy he had no relation with the company, and was not
   its agent. The company's manager testified that neither the firm, nor any
   member of it, was the company's agent. *Held* a question for the jury
   whether the firm was the company's agent.

**4. SAME—STIPULATION AS TO OTHER INSURANCE—CONSTRUCTION.**

   Where the insured at the time of applying for insurance informed the
   company's agent that there was a certain amount of insurance on the
   property, and that additional insurance was desired, and the company
   issued additional insurance, the continuation of the existing insurance,
   either by renewals of policies already thereon, or by substituting other
   policies, was not "other insurance," within the company's policy, stipulat-
   ing that it should be void if the insured should thereafter procure other
   insurance.

**5. SAME—INSURANCE OF PROPERTY IN FOREIGN COUNTRY—ACTION BY RESIDENT
   —PARTIES.**

   In an action on a policy procured by a domestic corporation from a
   foreign insurance company authorized to do business in New York on
   property located in Canada, which stipulates that the loss, if any, shall
   be payable to the mortgagee as his interest may appear, the assignee of
   the mortgagee is a necessary party, and, on his refusal to join as plaintiff,
   he may be made a defendant, though he is a resident of Canada.

   Appeal from Trial Term, New York County.

   Action by Edward L. Lewis against the Guardian Fire & Life As-
surance Company and Charles A. K. MacPherson.. From a judgment
dismissing the action as to defendant MacPherson, he appeals; and
from ·a judgment in favor of defendant insurance company, plaintiff
appeals. Reversed.

   Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-
LIN, PATTERSON, and INGRAHAM, JJ.

   William B. Ellison, for appellant Lewis.
   Rufus L. Weaver, for appellant MacPherson.
   George A. Strong, for respondent.

   McLAUGHLIN, J. On the 20th of July, 1899, the Owl's Head
Hotel Company, a New York corporation, procured from the defend-
ant the Guardian Fire & Life Assurance Company, Limited, a foreign
corporation, a policy of fire insurance in and by which it insured cer-
tain property located in Canada against loss or damage by fire to the
extent of $4,000, with the "loss, if any, payable to John G. Foster,
Esq., agent for mortgagee, as his interest may appear." During the
term of the policy the property was destroyed by fire, and a loss sus-
tained in excess of that covered by the insurance. The insurance com-
pany refused to pay the loss covered by its policy, and thereupon the
plaintiff, a resident of the state of New York, as the assignee of the
insured, brought this action to recover thereon; making MacPherson,
a resident of Canada, who had acquired the interest of the mortgagee

referred to in the policy, a party defendant, he having refused to join with the plaintiff in bringing the action.   At the trial, after the plaintiff and MacPherson had rested, the complaint, in so far as it related to the latter, was dismissed, upon the ground, as appears from the opinion of the trial justice, that the "court has no jurisdiction over his cause of action, however asserted, nor can it acquire jurisdiction by indirection, or by any device of pleading, practice, or procedure."   Exception was duly taken to this ruling by both MacPherson and the plaintiff.   The trial court, however, refused to dismiss the complaint against the insurance company; holding, as the case then stood, a question of fact was presented for the jury, and that the action could be continued by the plaintiff to recover the difference between the amount which had been proved to be due MacPherson and the amount of the policy.   The action was then continued, and at the close of the whole case a verdict was directed for the insurance company upon the ground that the evidence established a violation by the plaintiff of the terms of the policy, which rendered it void, to which an exception was taken by the plaintiff.   Judgment was thereafter entered, from which the plaintiff and MacPherson have appealed.

The judgment appealed from, unless erroneous as to the plaintiff, is not as to the appellant MacPherson.   In other words, unless the plaintiff had a policy of insurance which he could enforce against the insurance company, then a mortgagee or his assignor could not enforce a provision inserted therein for his benefit; and, if a verdict were properly directed as to the plaintiff, then it necessarily follows the judgment could not have injured MacPherson.   The appeal of the plaintiff, therefore, will be first considered.

The policy contained a provision that it would be void if at the time it was issued the insured had, or thereafter procured, other insurance upon the property covered by the defendant company's policy, unless otherwise provided by agreement indorsed thereon or added thereto, and it was upon this ground that the verdict was directed. The evidence on the part of the plaintiff bearing upon the overinsurance was to the effect that the respondent's policy of insurance was procured through Paterson & Son, of Montreal, Canada, by Mr. Watkins, general manager of the Owl's Head Hotel Company; that, at the time he applied for it, he informed a member of the firm of Paterson & Son what insurance was then upon the property, and that he desired additional insurance to the amount of $10,000, which it procured—$6,000 in the Phœnix Insurance Company of London, and $4,000 in the defendant insurance company.   In the policy issued by the respondent, reference was made to the $6,000 insurance in the Phœnix, but not to the other insurance, amounting to $4,500, which was upon the property at the time the application was made and the policy written.   The fact that Paterson & Son knew there was $4,500 insurance upon the property at the time Watkins applied for the $10,000 additional insurance was not denied—at least, no evidence was offered to contradict plaintiff's evidence on that subject—but it was insisted that such information in no way affected the respondent's liability, inasmuch as Paterson & Son were not its agents, and had no power to waive any of the provisions of the policy.   Of course, if

Paterson & Son were the agents of the insurance company, I take it no one would seriously question but what they could, having full knowledge of other insurance, waive the provisions of the policy with reference thereto. The company could do it, and what it could do itself it could do through an agent. This rule seems to be well settled. Gray v. Germania Fire Ins. Co., 155 N. Y. 180, 49 N. E. 675; Robbins v. Springfield Fire Ins. Co., 149 N. Y. 477, 44 N. E. 159; Wood v. American Fire Ins. Co., 149 N. Y. 382, 44 N. E. 80, 52 Am. St. Rep. 733; Forward v. Continental Ins. Co., 142 N. Y. 382, 37 N. E. 615, 25 L. R. A. 637; McNally v. Phœnix Ins. Co., 137 N. Y. 389, 33 N. E. 475; Short v. Home Ins. Co., 90 N. Y. 16, 43 Am. Rep. 138; Woodruff v. Imperial Fire Ins. Co., 83 N. Y. 133; Richmond v. Niagara Fire Ins. Co., 79 N. Y. 230. Thus, in the first case cited, the court said:

"It is well settled in this state that where an insurance company issues a policy with full knowledge of facts which would render it void in its inception, if its provisions were insisted upon, it will be presumed that it by mistake omitted to express the fact in the policy, waived the provision, or held itself estopped from setting it up, as a contrary inference would impute to it a fraudulent intent to deliver and receive pay for an invalid instrument."

The fact being uncontradicted that Paterson & Son was informed as to the insurance upon the property at the time application was made for the additional $10,000, the crucial question is whether Paterson & Son was the agent of the defendant insurance company. If it was, then the information which it had was the information of the respondent. Robbins v. Springfield Fire Insurance Co., supra; Wood v. American Fire Ins. Co., supra. Bearing upon this question, it appeared from the plaintiff's proof that the policy issued by the respondent contained the words, "Agency, Montreal, Paterson & Son," and indorsed upon it were the words, "Paterson & Son, agent, Montreal Agency," all of which was written in and upon the policy when it was issued by the respondent itself, before it was sent to Paterson & Son to be delivered to the insured. In addition to this, it appeared that, when application was made for the insurance, what is termed an "interim receipt" was issued, which contained the words, "Paterson & Son, Agency;" and the manager of the respondent testified that the agent of the company "issues an interim contract or risk," but "no agent with us issues a policy. All our policies are upon application." Plaintiff's witness Watkins testified that he had known Paterson & Son 12 or 13 years, during which time they had been managers of the respondent. On its part, the defendant company called as a witness a member of the firm of Paterson & Son, who testified that at the time the policy was issued he had no relation with the company, was not its agent, and had never issued any policies for it. It is to be noticed, however, that this witness nowhere stated that the firm of Paterson & Son was not the agent or representative of the respondent when the policy was issued. The respondent's manager, Heaton, however, who was subsequently called, did testify that the firm of Paterson & Son, nor any member of it, was not the agent of the defendant company, and had nothing to do with it.

The foregoing is a summary of all the evidence bearing upon the question of agency, and upon this the trial court held, as a matter of

law, that Paterson & Son was not the agent of the respondent, and therefore had no power to waive any of the provisions of the policy, and he accordingly directed a verdict in favor of the respondent, as hereinbefore stated. In this I think he erred. I am of the opinion that upon this evidence it was a question of fact for the jury to determine whether or not, as between the plaintiff's assignor and the defendant insurance company, the firm of Paterson & Son was its agent in relation to this policy. Sundheimer v. City of New York, 176 N. Y. 495, 68 N. E. 867; McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66, 60 N. E. 282. The fact is undisputed that the respondent inserted in and indorsed upon the policy a statement which would at least lead a person of ordinary understanding to believe the firm was its agent. This, taken in connection with the statement to the same effect contained in the interim receipt, and the testimony of the witness Watkins, was certainly some evidence to go to the jury, and this was the view entertained by the learned trial justice at the close of plaintiff's case. He then said, in denying respondent's motion to dismiss the complaint, "Whether Paterson & Son were or were not the agents of the defendant corporation is a question of fact, upon the case as it now stands." This evidence certainly was not so far overcome by the testimony of the witness Heaton that the court could hold, as a matter of law, that such agency did not exist. But it is urged that, even though it be conceded Paterson & Son was the agent of the respondent, it did not appear that firm had information, at least as to some of the other insurance which was upon the property at the time the fire occurred; and, in this connection, attention is called to the fact that some of the insurance which was upon the property at the time the manager of the plaintiff's assignor applied for the $10,000 additional insurance had, before the fire, expired, and the same had been continued either by renewal or substitution of other insurance. I do not think this changed the legal rights of the parties. When the plaintiff's assignor applied to Paterson & Son, that firm was then informed there was $4,500 insurance upon the property, and that $10,000 additional insurance was desired. The continuation of the $4,500 insurance, either by renewals of policies already thereon, or by substituting others therefor, during the life of the respondent's policy, was not other insurance, within the meaning of its policy. It was, at most, but a continuation of the existing insurance. Pitney v. Glens Falls Ins. Co., 65 N. Y. 6; Brown v. Cattaraugus County Mut. Ins. Co., 18 N. Y. 385. Therefore, upon this branch, it seems to me the case should have been submitted to the jury.

This brings us to the consideration of the remaining question, and that is whether the court erred in dismissing the action as to the defendant MacPherson. The policy, as already indicated, provided that the loss, if any, should be payable to one Foster, agent for the mortgagee, as his interest might appear; and it was conceded upon the trial that the defendant MacPherson had succeeded to all the rights and interest in the policy which Foster had at the time the fire occurred. The defendant MacPherson resided in Canada. The respondent was a foreign corporation—authorized. however, to do business in this state. The policy was issued at its office in Montreal, and

the property insured was located in Canada. The learned trial justice was of the opinion that the court did not have jurisdiction of the subject-matter of the action so far as MacPherson was concerned, he and the respondent being nonresidents; that if MacPherson, as mortgagee, had instituted the action in this state to assert his rights under the policy, the court would not have had jurisdiction; and that jurisdiction could not be obtained by "indirection, or by any device of pleading, practice, or procedure." This, to me, seems to be an erroneous conception as to the rights of the parties. The plaintiff was a resident of the state, and his assignor was a domestic corporation. He was therefore entitled to bring the action, and it was just as much for his interest as for that of the defendant MacPherson to have the rights of all of the parties determined, to the end that the mortgage referred to might be satisfied. Not only this, but, in an action by the plaintiff to enforce the policy, MacPherson was a necessary party (Kent v. Ætna Ins. Co., 84 App. Div. 428, 82 N. Y. Supp. 817; Ennis v. Harmony Fire Ins. Co., 3 Bosw. 516), and, with his consent, could have joined with the plaintiff in bringing it, but, having refused to do that, he was properly made a defendant (Winne v. Niagara Fire Ins. Co., 91 N. Y. 185; Besant v. Glens Falls Ins. Co., 72 App. Div. 276, 76 N. Y. Supp. 35). The fact that MacPherson was a nonresident, and the respondent a foreign corporation, is of no importance, inasmuch as the contract was made with plaintiff's assignor, a resident of this state; and the plaintiff, as its representative, has the right to enforce that contract in the courts of this state, and, to that end, have the proper parties before the court.

It follows, therefore, that the judgment appealed from must be reversed, and a new trial ordered, with costs to each appellant to abide the event. All concur.