NEWARK FIRE INS. CO. v. WOOD, to Use of BELL et al.

NEW BRUNSWICK FIRE INS. CO. OF NEW BRUNSWICK, N. J., v. SAME.

Nos. 5817, 5818.

Circuit Court of Appeals, Third Circuit.
Jan. 23, 1936.

Rehearing Denied March 5, 1936.

Walter R. Carroll, of Camden, N. J., and Horace M. Schell, of Philadelphia, Pa., for appellants.

Bell, Truscott, Henry & Sutton, Frank F. Truscott, and C. Leo Sutton, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON and THOMP-SON, Circuit Judges, and DICKINSON, District Judge.

BUFFINGTON, Circuit Judge.

These are appeals from judgments of the District Court for the Eastern District of Pennsylvania. The appellants brought two actions of assumpsit upon policies of fire insurance issued to Wood covering a certain building and its contents situate at Harvey Cedars, Ocean county, N. J. The property had originally been a clubhouse owned by the Harvey Cedars Outing Club. Because of dwindling membership, the club got into financial difficulties and gave a mortgage on the premises. The mortgage was in default, and the executors of the mortgagee began foreclosure proceedings. Wood bought all of the outstanding membership certificates, went into possession with his family, made substantial alterations and improvements to make the property habitable as a private residence, purchased the mortgage from the executors of the mortgagee, took an assignment of the mortgagee's interest, and, subsequent to the issuance of the policies, acquired a tax sales certificate. The insurance companies defended on the ground that Wood was not the sole and unconditional owner, and that the building did not stand on ground owned by Wood in fee simple. The trial judge held, and so instructed the jury, that within the meaning of the fire insurance policies Wood was, in fact, the sole and unconditional owner of the property regardless of whether, by the real estate law of New Jersey, he could be said to have fee-simple title. We are of opinion, with him, that the policies should be construed so as to determine what the intention of the parties was as shown by all of the circumstances. Obviously they were meant to secure the one whose real interest was involved in safeguarding the property. Wood owned the entire interest in the mortgage; he owned the entire interest of the club; there was no opposing interest in any one at the time suit was brought, and, if foreclosure proceedings on the mortgage had been pursued by him, there would have been no one to defend.

Without entering into a discussion of the many cases cited on both sides, we find no error in the court giving binding instructions for the plaintiffs in both cases.

So holding, the judgments are affirmed.