.HOME INS. CO. OF NEW YORK v. YOUNG et al.

No. 13380.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 25, 1936.

Rehearing Denied Oct. 30, 1936.

Thompson, Knight, Baker & Harris and Ben F. Vaughan, Jr., all of Dallas, for plaintiff in error Home Ins. Co.

Donald, Kearby & Donald, of Bowie, for defendant in error W. S. Young.

Bryan, Stone, Wade & Agerton and G. W. Parker, Jr., all of Fort Worth, for defendant in error Milwaukee Mechanics Ins. Co.

SPEER, Justice.

This suit was instituted in the district court of Montague county by W. S. Young and Farm & Home Savings & Loan Association of Nevada, Mo., for convenience hereinafter called Farm & Home Association, against the Home Insurance Company, of New York, hereinafter called the Home Company, for a loss by fire growing out of a policy of insurance on certain improvements on real estate situated in Bowie, Montague county, Tex., fully described in the pleadings.

The plaintiff Young alleged he purchased the property from his brother, F. A. Young, prior to September 3, 1929, and at a time when there was an outstanding policy of insurance covering losses by fire on the improvements, being policy No. D. H. 364, written by defendant the Home Company in the amount of $1,750, and that the property covered by said insurance was reasonably worth on the market $3,000; that the policy, when written, had a loss payable clause therein to the plaintiff Farm & Home Association as its in-

terest may appear, which policy at all times since its issuance had been in the possession of the plaintiff Farm & Home Association, but that after the purchase by plaintiff Young, to wit, on April 30, 1930, there was attached to the policy by the local agent of the Home Company that company's consent to the assignment by F. A. Young to plaintiff W. S. Young. That on August 6, 1930, while the policy of insurance was in full force and effect, the property was destroyed by fire, and that the defendant the Home Company then and there became liable for the payment in the sum of $1,750 proportionately to plaintiffs (a) to the Farm & Home Association as its interest may appear and (b) the remainder to plaintiff W. S. Young.

Plaintiffs alleged notice of the loss, the submission of estimates of repairs and reconstruction as provided by the terms of the policy and demand for payment, but that payment was declined by the Home Company and continuous failure and refusal to pay.

Plaintiffs further alleged that while the property was owned by F. A. Young, he, joined by his wife, had executed to the plaintiff Farm & Home Association their note and obligation for $1,500 and a valid deed of trust lien on the property securing the payment thereof.

The defendant Home Company, by a fourth amended original answer, pleaded that by the terms of the policy it contained a provision to the effect that if the insured should then have or thereafter procure any other contract of insurance upon the property the policy should become void. That the maximum amount of insurance permitted by said policy was $1,750 and that the insured at the time of the fire held an additional policy of insurance on the same property in excess of the amount permitted by the terms of its policy and without the knowledge and approval of the company.

The Home Company further pleaded that the policy sued on also provided that the insurer might pay to the mortgagee the amount of its debt, and if the company claimed at the time of such payment that there was no liability to the owner, it should be subrogated to the mortgagee's right of recovery upon the collateral to the mortgage debt, and that by such payment to the mortgagee it could claim and demand an assignment of the debt and mortgage. That with the assured's

knowledge and consent it did, on October 20, 1931, pay to the mortgagee the sum of $1,533.92, the full amount of the indebtedness, and took an assignment of the debt and mortgage, but that due to the violation of the additional insurance clause in the policy it denied any liability to the assured.

The defendant Home Company further pleaded that if it should be determined that it was indebted to plaintiff Young under the terms of the policy, it should be credited thereon for the full amount so paid the plaintiff, the Farm & Home Association, with interest since the date of payment.

The defendant Home Company likewise pleaded the loss payable clause in the policy in favor of the Farm & Home Association, which provided for the assignment of the debt and security to it and for subrogation to all the rights and remedies theretofore held by the mortgagee if paid by the insurer while denying liability to the assured. It also alleged that by the terms of the deed of trust securing the original indebtedness, provision was made for the makers to keep the property insured against loss by fire with loss payable to the mortgagee, and that by virtue of the transfer and assignment to it of said debt and lien along with all rights held by the mortgagee, it acquired an equitable lien on all insurance purchased by the assured covering said property, especially the policy issued by the Milwaukee Mechanics Insurance Company. The property upon which the deed of trust lien was alleged to exist was described fully, and there is no dispute as to that.

The defendant Home Company pleaded in cross-action against plaintiff W. S. Young, the ownership of the debt and mortgage on the real estate, the assumption of payment by W. S. Young, its maturity, demand for payment, refusal by Young to pay and prayed for judgment in its cross-action for its debt with interest and a foreclosure of the deed of trust lien on the real estate described therein.

The defendant Home Company further pleaded additional provisions in the policy, to the effect that it should never be responsible under the policy for a greater proportion of any loss on the property than the amount insured shall bear to the whole, whether valid or not. That at the time of the fire the plaintiff Young

had procured and there was in effect another policy of $1,000 written by the Milwaukee Mechanics Insurance Company, which company likewise denied liability to W. S. Young. That pursuant to the equitable assignment by the Farm & Home Association to the Home Company of all its rights, the defendant was entitled to recover of the Milwaukee Mechanics Insurance Company its debt and interest, and prayed that the last-named company be made a party as cross-defendant; and further prayed that plaintiff Young take nothing by his suit, and that it have judgment against its cross-defendant for the amount it had paid, together with interest thereon, and for judgment against plaintiff Young·in its cross-action for its debt and a foreclosure of its deed of trust lien.

The plaintiff Young replied with a supplemental petition and answer to the Home Company's cross-action with a general denial and specially that he had never knowingly violated any of the provisions of the policy sued on; that he did not know its contents, since by the contract between his grantee and· the Farm & Home Association the latter was entitled to, and had held possession of the policy at all times, and that he had never seen the same; that even though the policy contained the provision contended for by defendant, same had not been violated in that at the time the policy of insurance was issued the company knew through its duly appointed policy writing agents there was an additional policy of insurance on the property in the sum of $1,000 issued by Westchester Fire Insurance Company, whose local agent was C. C. Culp, and that with this knowledge the defendant, the Home Company, waived and was estopped to claim forfeiture of the policy, either for a renewal of the Westchester Fire Insurance Company policy by that company or by any other company at or near the time of its expiration. That the Westchester policy expired on June 15, 1929, and because the agency writing same had ceased to do business in that locality, the Jameson agency solicited plaintiff to be permitted to write a policy of insurance for $1,000 in lieu of the Westchester policy and after some negotiations plaintiff instructed said agency to so write the additional insurance, which was complied with, and· the policy for that amount was written by cross-defend-

ant Milwaukee Mechanics Insurance Company, dated June 28, 1930, covering a period of twelve months.

Plaintiff Young further alleged that defendant Home Company also knew through its said local agent that the last-named policy was being written and had full knowledge of its existence at all times and never made any objections thereto, nor did it object or declare a forfeiture of its policy under the provisions mentioned. He further pleaded the defendant Home Company had no just grounds to deny liability to him on said policy at the time it paid the Farm & Home Association and took an assignment of the ·debt and lien held against him. He denied the defendant Home Company was entitled to any relief by its cross-action in any form, and especially by virtue of an alleged·provision in the policy of prorating its liability in proportion to the entire insurance carried, for he alleged the property was worth more than $2,750, the entire amount of insurance carried. He prayed for relief as in his original petition, and that defendant be denied relief on its cross-action.

Cross-defendant Milwaukee Mechanics Insurance Company answered by general demurrer and general denial.

At the conclusion of the testimony, the defendant Home Company presented a motion for an instructed verdict in its favor, which motion was by the court refused.

The case was tried to a jury on two special issues submitted by the court in response to which· it was found (a) that E. M. Stallings Insurance Agency, as agents for the Home Insurance Company of New York, had knowledge prior to the fire, that the plaintiff W. S. Young had taken out a fire insurance policy through the Jameson Insurance Agency; (b) · that after the issuance of the Milwaukee·Mechanics Insurance Company policy the Home Insurance Company of New York, acting through its agents, waived the provision in its policy in regard to the assured taking out fire insurance in some other company.

Upon the answers of the jury, the court entered a judgment reciting, in effect, that plaintiff Farm & Home Savings & Loan Association of Nevada, Mo., having appeared and announced it had no further interest in the subject-matter of this suit and upon motion by it the suit, in so far as it was concerned, was dismissed. That the Home Insurance Company of New

York take nothing against either plaintiff W. S. Young or the Milwaukee Mechanics Insurance Company by reason of its cross-action, and that the latter go hence with its costs. That the law and facts under the verdict of the jury are with the plaintiff W. S. Young, and that his damages are made certain by the provisions of the policy sued on and by the agreements of the parties as to the extent of the loss of property sustained by the fire and the amount is $314.08 as the balance due on the policy, including interest thereon at 6 per cent. per annum since the date of the fire, and judgment was rendered for that amount in favor of plaintiff W. S. Young.

Motion for new trial was filed by defendant Home Insurance Company of New York, and overruled by the court, to which exception in due form was taken and notice of appeal given as provided by law.

The case is properly before us for review on writ of error sued out by Home Insurance Company of New York, assigning errors covering the acts of the court in the admission of much of the evidence, the refusal of the court to give its requested instruction for a peremptory verdict, and the nature of the issues submitted.

As we construe the record before us, the controlling issue in the case is whether or not the defendant in error Young violated the "additional insurance clause" contained in the policy of insurance sued upon by him. Or, to put it another way, had the plaintiff in error previously waived, and at the time of the trial was it estopped to claim a forfeiture of the policy because defendant in error had procured and then carried additional insurance on the property?

The policy sued on covered loss of the property by fire in the sum of $1,750 for a period of one year, beginning with September 3, 1930. The policy contained a clause as follows: "Total insurance permitted including this policy $1750.00 as follows: $1750.00 on item No. 1 (this item is the property subsequently destroyed). It is understood and agreed that no other insurance is permitted unless the total amount allowed, including this policy, is entered in blank space in paragraph next above."

The property covered was destroyed by fire on August 6, 1930, at which time the defendant in error had procured and was carrying another policy of insurance on the same property in the sum of $1,000 with the Milwaukee Mechanics Insurance Company, dated June 28, 1930.

The existence of the last-named policy, it is claimed by plaintiff in error, is in violation of the terms of the policy issued by it, especially that part quoted above which we have referred to as the "additional insurance clause," and rendered its contract unenforceable.

We may say at the outset, however, that under our system of laws forfeitures are considered harsh and punitive in their operation and are not favored. Provisions inserted in a contract by the insurer which go to defeat, diminish, or forfeit the insurance will be construed strictly against the insurer. The law will seize upon even slight circumstances indicative of an intention on its part to waive a forfeiture. See 24 Tex.Jur., pp. 702, 703, § 27.

The courts of this state have many times held the provision referred to a reasonable one in fire insurance contracts and have uniformly enforced its observance. The soundness of such construction has seldom been questioned; the reasons are obvious and it is unnecessary for us to repeat them here. Unless under the circumstances and facts of the case before us plaintiff in error waived its right of forfeiture on account of the violation of the provision in the policy, it is our duty to see that the trial court enforces it, while the contrary is true, if waived.

The undisputed facts before us show that for some years prior to 1929 the Stallings Insurance Agency at Bowie, Tex., was the agent of plaintiff in error, and as such was authorized to make contracts of insurance, issue policies and deliver them to customers; that through this agency plaintiff in error had carried a policy of insurance on the property in question for a number of years next preceding and through 1929 and until the date of the fire. The defendant in error proved by the witness C. C. Culp that he was in the insurance business in Bowie during the year 1929 and was agent for the Westchester Insurance Company, and that on about June 15, 1929, the Westchester Insurance Company issued its policy of insurance for $1,000 for a period of twelve months on the property that was subse-

quently burned; that on about the day the policy was written he went to the office of the Stallings Agency to inform them of the policy and did tell the employees in the office, Stallings being out of the office at the time, and that later he told Stallings of the policy he had written. Plaintiff in error complained of the introduction of this testimony and assigns as error the action of the court in permitting it, but in the view we take of the case, we think it was admissible. It will be seen from these facts that at the date of the issuance of the policy sued on, to wit, September 3, 1929, the policy issuing agent of plaintiff in error knew of the existence of the additional insurance carried by the Westchester Insurance Company; the last-mentioned policy expired on June 15, 1930, prior to the destruction of the property by fire.

The evidence further shows that at the expiration of the Westchester policy, on June 15, 1930, the agency representing that company had ceased to do business at Bowie, Tex., and that the Jameson Agency was then operating and apparently knew of the expiration of the Westchester policy; this agency solicited defendant in error then living in Oklahoma to be permitted to write a similar policy on the property and after some negotiations the defendant in error purchased the insurance. The agent needed some data with reference to the policy and asked a friend to procure it for her; the party called the Stallings Agency on the telephone and asked them to furnish the data to Miss Glenna Jameson; plaintiff in error makes the point that the policy written by the Jameson Agency with the Milwaukee Mechanics Insurance Company, being the one in effect at the time of the fire, was the one which violated the provisions of its policy prohibiting additional insurance, and that it did not have notice of the existence of that policy. The policy was written within thirteen days of the expiration of the Westchester policy of which plaintiff in error did have notice when its policy was written, the new policy being for the same amount, and while it cannot be said it was strictly a renewal of the Westchester policy, yet we can see no reason why a different rule would apply than if the old policy had been renewed in the same company. However, the question of notice to plaintiff in error of the issuance of the last policy was a close one, and on the evidence was resolved against the contention of plaintiff in error. To paraphrase the testimony of the witness Speaks on this point as accurately as we can, he testified: The Jameson Agency asked him on the telephone to find out from Young some information they wanted to put on an insurance policy; he asked Young for the information and was told he (Young) did not have the information at Ryan, Okl., where he lived, but that it was on a policy with the Stallings Agency; witness called the Stallings Agency, talking to Stallings, and told him Jameson wanted this information; he did not remember whether or not he told Stallings what Jameson wanted with this information; witness told Stallings that Jameson wanted Young's lot and block numbers; he said: "I told Mr. Stallings to give Miss Jameson the information she wanted relative to Sherwood's (Young's) insurance, whatever she wanted to put on the insurance policy. That is what I told him Sherwood authorized it, he didn't have any objection to it. * * * He just said it would be all right, he would give her what she wanted. I don't remember the words he said at that time."

Special issue No. 1 as given by the court reads: "Do you find from a preponderance of the evidence that prior to the fire the E. M. Stallings Insurance Agency, as agents of the Home Insurance Company of New York, had knowledge that the plaintiff W. S. Young had taken out a fire insurance policy through the Jameson Insurance Agency? Answer yes or no." The jury answered, "Yes."

It is reasonably certain from the testimony that plaintiff in error had notice of the existence of the $1,000 policy written by Culp for the Westchester Insurance Company when it wrote and delivered the policy sued on. This was equivalent to a waiver of its right to forfeit its policy under the provision therein against "additional insurance." It had for some years been carrying similar insurance on this property, and upon learning of the additional insurance then and there had the right to forfeit its contract; but it did not choose to do so. It is said in Cooley's Briefs on Insurance, (2d Ed.) vol. 5, p. 4255: "The rule as to waiver or estoppel by the issuance of a policy applies to the renewal of a policy with knowledge of changes contrary to the terms of the

original policy. Hence, if an insurance company, at the time of renewing a policy, knows of a change which has occurred since the issuance of the original policy, the renewal is a waiver of a condition making the policy void in case such change took place." The writer cites many cases from other states as well as the case of St. Paul Fire & Marine Ins. Co..v. Kitchen (Tex.Com.App.) 271 S.W. 893.

The general rule on this point is as stated by Wood on Fire Insurance, vol. 2, p. 1161: "The insurer is estopped from setting up the breach of any condition of the policy, when at the time of its issue, it knew that the condition was inconsistent with the facts, and the assured has been guilty of no fraud."

This principle has been many times approved by our courts. See Liverpool & L. & G. Ins. Co. v. Ende, 65 Tex. 118; Ætna Ins. Co. v. Holcomb, 89 Tex. 404, 34 S.W. 915; Wagner v. Ins. Co., 92 Tex. 549, 50 S.W. 569; National Fire Ins. Co. of Hartford v. Carter (Tex.Com.App.) 257 S.W. 531. The above authorities are also cited by the court in St. Paul Fire & Marine Ins. Co. v. Kitchen, supra.

 It is equally true that although the Westchester Insurance Company policy, of which plaintiff in error had notice, was not effective at the time of the fire, and for the argument conceding that it did not have notice of the issuance by the Jameson Agency of the Milwaukee Mechanics Insurance Company policy, effective at the date of the fire, yet we believe and so hold that, with the knowledge by plaintiff in error that the Westchester policy existed at the time it issued the policy sued on, if the Westchester policy had been renewed at its expiration waiver would have been as complete and as effectual as if the fire had occurred during the life of the first policy; this would be true also if the renewal had been in another company. We can see no reason why if the Westchester policy had been renewed by that company at its expiration, the waiver would have been any more effective than if the insured had purchased a policy for the same amount in another company; the hazard would not have been thereby increased.

Bearing on this point, it was said in the case of American Insurance Company of Newark, N. J. v. Maddox (Tex.Civ. App.) 60 S.W.(2d) 1074, 1076: "Appellant further contends that even though it be charged with notice of the execution of the Karner policies which were in force at the time it issued its last policy, yet since two of the Karner policies expired and were renewed after appellant issued its last policy, this constituted the procurement of other contracts of insurance as prohibited by the above-quoted provision of its policy and appellant has a right to urge same as a defense herein. We do not understand this to be the rule. The general rule is that the taking of a policy of insurance in renewal of a prior policy known to the company to exist is not considered the procurement of other contracts of insurance, but is merely the continuation of existing contracts and does not violate such inhibition. Cooley's Briefs on Insurance (2d Ed.) vol. 3, p. 2877; 14 R.C.L. 1139, § 321; Lewis v. Guardian Fire & Life Assur. Co., 93 App. Div. 157, 87 N.Y.S. 525."

Cooley's Briefs on Insurance, supra, says: "It appears to be a quite generally accepted rule that the taking of a policy of insurance in renewal of prior insurance mentioned in the application for a policy is not within the terms of a provision in the latter policy requiring notice in case of taking other insurance. The rule applies even though the insurance existing at the time of an application is subsequently renewed by another policy, instead of a renewal certificate, and in another company."

We therefore hold that plaintiff in error had previously waived its right of forfeiture when defendant in error purchased the $1,000 policy with Milwaukee Mechanics Insurance Company on June 28, 1930, which policy was in effect a renewal or in lieu of the policy for the same amount carried by the Westchester Insurance Company at the time plaintiff in error issued its policy with full knowledge of its existence. We consider the evidence sufficient to impute notice to plaintiff in error of the existence of the additional insurance, and that with this knowledge it waived its right of forfeiture and right to deny liability thereunder.

 All assignments of error up to and including No. 15, except Nos. 10, 11, and 12, raise the question in one form or another of the acts of the court in admitting testimony of the existence of the Westchester policy, the insufficiency of the testimony to raise an issue of fact as to its knowledge of the existence of

the outstanding policies, the submission of the first special issue submitting the question of knowledge, the court's refusal to give its requested instruction for a peremptory verdict and for the refusal of the court to enter judgment in its favor irrespective of the jury verdict. Assignments of error Nos. 10, 11, and 12 challenge the second special issue upon the ground that the question submitted was not one of fact but of law for determination by the court. Assignments Nos. 16, 17, and 18 go to the refusal of the court to instruct a verdict in favor of plaintiff in error against the Milwaukee Mechanics Insurance Company.

We consider and so hold that there was no error committed by the court in his rulings upon the admissibility of the testimony concerning the existence of the first policy of insurance, nor in admitting testimony offered to show notice; it was also proper for the court to refuse the requested instruction for a peremptory verdict; and we therefore overrule assignments of error Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 13, 14, and 15.

As stated above, assignments of error Nos. 10, 11, and 12 go to the submission of special issue No. 2, which inquired of the jury if it found from a preponderance of the evidence that after the issuance of the Milwaukee Mechanics Insurance Company policy the plaintiff in error waived the provision in its policy prohibiting taking out additional insurance. This inquiry was explained by the court in this language: "You are instructed in connection with special issue No. 2 that by the term 'waived' is meant the voluntary relinquishment of a known right." The wording of the issue complained of is susceptible to a construction which perhaps would show merit in the objection raised, yet with the explanation and definition of the word "waived" renders it a fact issue, and we do not consider it such as would require a reversal of the cause. The assignments of error are therefore overruled.

Assignments of error Nos. 16, 17, and 18 presented by plaintiff in error complain of the acts of the court in refusing to give its requested instruction for a peremptory verdict in its favor against the cross-defendant Milwaukee Mechanics Insurance Company, and in rendering judgment in favor of the last-named company. As we view this case, and as expressed in this opinion, plaintiff in error had no legal right to deny its liability on the policy to the assured, at the time it made payment of the mortgage debt to the Farm & Home Savings & Loan Association and took the assignment of the debt and lien along with the equitable right to look to additional insurance plaintiff Young had procured. This legal right to deny liability was a condition precedent for it to take such an assignment, and since the right did not exist, it acquired no rights against the Milwaukee Company.

Furthermore, if we be in error in this conclusion, it is equally true that the right to this equitable lien claimed to have been acquired depended upon the provisions in the deed of trust whereby the maker bound himself to keep the property insured at all times in the sum of $1,500 for the protection of the mortgagee. He did this very thing in the policy issued by plaintiff in error which, as we have seen, was for $1,750 with loss payable clause to mortgagee as its interest may appear, and out of this policy it was paid, and the excess in this policy was payable to the assured; this excess the court found by calculation to be $314.08, the amount for which judgment was rendered in favor of plaintiff Young. These conclusions are supported, we think, by the cases of Home Insurance Co. v. Boatner (Tex.Civ.App.) 218 S.W. 1097, affirmed by the Supreme Court in 239 S.W. 928; Browne v. Franklin Fire Ins. Co., 225 Mo.App. 665, 37 S. W.(2d) 977, by the Supreme Court of Missouri; Nordyke & Marmon Co. v. Gery et al., 112 Ind. 535, 13 N.E. 683, 2 Am.St. Rep. 219, by the Supreme Court of Indiana.

All assignments of error are therefore overruled, and the judgment of the trial court is affirmed.