QUEEN INS. CO. OF AMERICA et al. v. ELLIOTT.

No. 10917.

Circuit Court of Appeals, Fifth Circuit.

April 20, 1944.

Rehearing Denied May 25, 1944.

---

Geo. J. Baya and O. D. Batchelor, both of Miami, Fla., for appellants.

Chas. A. Morehead, of Miami, Fla., and Newman T. Miller, of West Palm Beach, Fla., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

B. Elliott dealt in new and used parts of motor vehicles and automobile tires at Pahokee, Florida. The Queen Insurance Company of America and the American Central Insurance Company insured his stock of merchandise, in two policies for the sum of $5,000 each, and the coverage was written in the usual standard form.

On March 26, 1942 the storehouse in which the new and second-hand motor vehicle parts were located was wholly destroyed by fire. The insurance companies refused to pay Elliott, and thereupon he instituted two suits, one against each insurance company, to recover for his fire loss. The complaints follow the statutory form prescribed by the statutes of the State of Florida. The two cases were consolidated after being removed to the district court and there tried to a jury. A bill of particulars was furnished to the defendants.

The insurance companies filed four defenses to the complaint:

"(a) A denial that all the articles described in the bill of particulars were destroyed or damaged and that the said articles were of the value alleged in the bill of particulars;

"(b) The plaintiff's sworn proof of claim was willfully false;

"(c) The plaintiff falsely represented to the insurance agent, who wrote the policy, that the value of the property insured was approximately $10,000, when in fact the value was not more than $2,500;

"(d) The plaintiff was guilty of arson."

The jury returned a verdict in each case for the principal sum of $5,000, interest $393.70, and attorney's fee for $1,666.66. The insurance companies filed a motion for a new trial on two grounds: first, the verdict was excessive; and second, the attorney's fee was excessive. A remittitur was entered in each case, which reduced the attorney's fee to $1,500.

Final judgments were entered for Elliott on August 20, 1943. On November 13, 1943, nearly three months later, the defendants filed a motion for relief from the judgments, in which they attempted to set up numerous defenses, which had not been pleaded in the first instance. No showing was made that these defenses could not have been discovered and asserted at the proper time. The court denied the motion. The insurance companies appealed.

The defendants did not move for directed verdicts; they waived defenses which they now contend for; and they requested only one written charge, which was refused. This charge is fully covered in the court's oral charge to the jury, and defendants made no objection to the charge of the court.

In the light of the following cases we are invited and urged to enter a decree of affirmance of this case. Queen Insurance Co. v. Patterson Drug Co., 73 Fla. 665, 74 So. 807, L.R.A.1917D, 1091; Palestine Insurance Co. v. Whitfield, 73 Fla. 716, 74 So. 869; Liverpool & London & Globe Insurance Co. v. Kearney, 180 U.S. 132, 21 S.Ct. 326, 45 L.Ed. 460; Union Assurance Society v. Kathryn Tolivar, 5 Cir., 141 F.2d 405, and authorities there cited.

Let us concede, however, that the defendants moved for a directed verdict and offered every plea which requires special pleading, and made every objection properly and timely: it yet becomes patent from the evidence that the defendants had a full and fair hearing on every defense which they presented.

The agent of defendants inspected the building and checked carefully the merchandise of every kind and description, and thereupon the two policies were issued and delivered to the insured in the aggregate sum of $10,000. It is without dispute that the defendants, in the event of suit and recovery against them, were bound by virtue

of the statutes of Florida to pay a reasonable attorney's fee, and this issue was also submitted to a jury.

The court, in a very full and fair charge, submitted to the jury every issue and every contention made by the defendants. The evidence was abundant upon which the jury found the issues in favor of the insured and we are not warranted in overturning these verdicts. We find no reversible error in the record and the judgments are

Affirmed.